## R. D. Blair v. T. T. Parr.

1. Jurisdiction.—The Supreme Court, on the 14th of April, 1873, issued a mandate, reciting the affirmance of a judgment in favor of B, and against C. On the 22d of October, 1873, another mandate in the same cause was issued, reversing the judgment of the court below, and reciting that the former mandate was vacated and annulled, and requiring its return. Another mandate of like import issued in December, 1873, which recited that a rehearing had been refused December 9, 1873. On the filing of the last two mandates, the District Court, in November, 1873, entered a judgment in favor of C, reciting the import of the last mandate, and decreeing in accordance with it. A petition for a writ of error, by B, was sued out, which brought to the Supreme Court the record of the petition and answer in the original suit, the mandates of the Supreme Court, and the last judgment of the District Court. On motion to dismiss : *Held*—

　　1. That the proceeding on error was an effort to cause the court to revise and reverse its own judgment of a former term, and that this court had no jurisdiction.

　　2. That the judgment in form entered on the minutes of the District Court did not add anything to the judgment of the Supreme Court of October 22, 1873, and amounted, in legal effect, to a mere recognition of its mandate.

　　3. That the record does not show a want of power in the Supreme Court to render the last judgment, on which the mandate issued.

　　4. That had defendant in error claimed the right to proceed below under the first mandate, and pleaded the nullity of the second mandate on its appearance, for want of jurisdiction in the Supreme Court, then the question of power to issue the second mandate could have been reviewed.

　　5. That the jurisdiction of the Supreme Court in the first proceeding will be presumed, its judgment regarded as final, and not the subject of proceeding on error.

Error from Fayette. Tried below before the Hon. I. B. McFarland.

*J. R. Burns,* for defendant in error, on motion to dismiss.

*Moore & Ledbetter, contra.*

ROBERTS, CHIEF JUSTICE.—The record in this case contains a petition, filed on the 6th of November, 1869, by R. D. Blair against T. T. Parr, seeking a recovery upon a note, and the foreclosure of a vendor's lien; an answer by Parr, filed 23d January, 1871, setting forth exceptions, general denial, and a special defense to the action; a mandate from the Supreme Court, filed in the District Court of Fayette county 31st of October, 1873, reciting that the Supreme Court had, on the 22d of October, 1873, reversed the judgment rendered in said suit in favor of Blair, and reformed and rendered the same against Blair, adjudging that he should take nothing by his suit, and in favor of Parr for the costs, directing the District Court to carry said judgment into effect, and that a mandate issued on the 14th of April, 1873, should be returned to the clerk, and be vacated and annulled; a similar mandate, filed 22d of December, 1873, with the addition that a rehearing had been refused on the 9th of December, 1873, and ordering a reissue of the mandate; a judgment in the District Court of Fayette county on the 3d of November, 1873, reciting the mandate first above described, and adjudging and decreeing in accordance therewith.

There are no intermediate proceedings in the cause, appearing in the record here presented, between the pleadings filed and the judgment of the Supreme Court, recited in the mandate filed in the District Court on the 31st of October, 1873.

On the 20th of July, 1874, R. D. Blair filed a petition for a writ of error to have this judgment revised and reversed, upon the ground, assigned as error, that the Supreme Court had no jurisdiction of the case when the judgment was rendered by it on the 29th day of October, 1873, as shown by the mandate first above set forth, because it had previously rendered a judgment reversing and remanding the case, and a mandate in accordance therewith had been issued on the 14th of April, 1873.

The record contains a certificate of the clerk of the District

Court, dated on the 21st of January, 1875, that the mandate last aforesaid was filed in his court, the cause was continued one term, and said mandate was returned to the Supreme Court according to its order.

This cause having been submitted upon the briefs of both parties on the 17th of February, 1875, afterwards, to wit, on the 30th of January, 1877, the defendant in error, by his counsel, filed in said cause a motion to dismiss the writ of error, upon the ground that this was in effect an effort to cause this court to revise and reverse its own judgment, rendered in this cause at a previous term, as shown by the mandate in the record; and that, therefore, this court had no jurisdiction of the case, as here presented by the record.

Whether this motion had been made or not, the court, upon examination of the record, must have arrived at that conclusion; because the judgment in form entered on the minutes of the District Court did not add any force to the judgment of the Supreme Court rendered on the 22d of October, 1873, and amounted in legal effect to a mere recognition of the mandate containing said judgment of the Supreme Court, which had become a record in said case, and a final determination thereof, as soon as it was filed in the said District Court; and because it was competent for the Supreme Court to render such a judgment in such a cause; and because there is nothing contained in this record, of which this court can take recognizance, showing that the Supreme Court did not have jurisdiction of said cause when said judgment was rendered by it, the certificate of the district clerk being no competent authority for the action of this court upon that subject, and, indeed, no part of the record properly in this case.

The question is not now here presented, whether or not the Supreme Court rendered such a judgment as it should have rendered under the law governing it. That is wholly immaterial, as, whether right or wrong, it is final, and no appeal or writ of error can be taken from it.

If the defendant in error had insisted upon proceeding with his case in the District Court under the mandate reversing and remanding it, and, upon the appearance of the second mandate, had pleaded its nullity, for want of jurisdiction of the Supreme Court when the judgment therein recited was rendered, (29th of October, 1873,) then, whatever might have been the action of the District Court upon said plea, the question might have been raised in a way to be decided on appeal, or in some other shape, which it is evident was the object of suing out the writ of error in this case.

It is, clearly, not so presented in this record, as that we can now decide otherwise than that, from all that appears, it must be presumed that the Supreme Court had jurisdiction, and that, therefore, its judgment was final, and not subject to be revised by this court on appeal or by writ of error.

Having no jurisdiction of such a case, it must be dismissed.

DISMISSED.