## A. J. BURKE v. Z. W. MATHEWS.

The revisory power of the Supreme Court is confined to the judgments and decrees of inferior tribunals, and it has no power over its own judgments or decrees after the close of the term at which they were rendered, except for the correction of clerical errors, mistakes or defects of form, or

matters necessary to carry out the jurisdiction of the court, or to vacate a void judgment. Therefore, when a second appeal is substantially no more than an application for a rehearing of the questions determined on the first appeal, this court will not revise its former rulings at a previous term.

APPEAL from Harris. Tried below before the Hon. James Masterson.

There is no occasion for a statement of the facts.

*Geo. Goldthwaite,* for appellant.

*W. S. Oldham,* for appellee.

WALKER, J. Were this case before us for the first time, we should give all due attention to the able argument and brief of appellant's counsel. But should the court find it necessary to overrule the opinion rendered in January, 1870, at Galveston, we think it must be in some other case.

This case was then decided, and remanded to the District Court. It has been tried in that court, in strict compliance with the law, as stated in the opinion of the Chief Justice. Whether that opinion was strictly authorized by the pleadings in the case, or not, is a matter which we do not now propose to examine. The same case is before us which was before the court at that time; the term in which the decision was rendered has long gone by, and the only object of this appeal is to obtain a rehearing of the case. Whether the decision be right or wrong, rehearings are not to be granted in this manner. The case of Chambers *v.* Hodges, 3 Texas, 517, furnishes the reasoning upon which we must decide the case at bar.

The points decided in that case were none of them precisely analogous to that herein presented, but the authorities cited and the reasoning of the learned Chief Justice fully cover this case. This court has appellate jurisdiction, but its revisory power is to be used, not upon its own judgments, but upon those of other tribunals. After the close of a term, the power of the court

ceases over its own judgments and decrees, except for the correction of clerical errors, mistakes, or defects of form, or some matter necessary to carry out the jurisdiction of the court, or to declare a judgment void rendered in a case not legally before the court.

It is very true that appeals are often brought to this court for a second time, but the appeal should be taken from some new matter not decided in the former opinion. We think the appeal in this case improperly taken, but we will affirm the judgment of the District Court.

Affirmed.