It has been settled by a line of decisions in this state, that, if the court *a quo* had no jurisdiction of a case, the appellate court can have none. Baker *v.* Chisholm, 3 Tex., 157; Able *v.* Bloomfield, 6 Tex., 263; Horan *v.* Wahrenberger, 9 Tex., 317; Davis *v.* Stewart, 4 Tex., 223.

In the last case named it was said: "There was then no error in dismissing the appellant's petition for want of jurisdiction. This ground being well taken, it could not be gotten over by an appeal to the district court, because if the court *a quo* has no jurisdiction, an appeal cannot be entertained, although the court to which the appeal has been taken may have original jurisdiction of the question."

The judgment now in question was rendered by the district court upon appeal from the county court. To the same effect is the case of Neil *v.* The State, 43 Tex., 92; and the practice has been in such cases brought to this court, to reverse the judgment if a judgment other than one of dismissal has been rendered, and to dismiss the case (Neil *v.* The State, 43 Tex., 92; Wadsworth *v.* Chick, 55 Tex., 243; Roeser *v.* Bellmer, 7 Tex., 1), and such must be the action in this case.

The judgment is reversed and the cause is dismissed.

REVERSED AND DISMISSED.

[Opinion delivered February 16, 1883.]

Associate Justice WEST did not sit in this case.

---

CARRIE LOWELL v. BALL, HUTCHINGS & Co.

(Case No. 1560.)

1. APPEAL.— On appeal from the judgment of the district court which allowed out of an estate a specified sum for a year's support for a widow and children, a further sum in lieu of exempted articles, and an allowance of $2,000 in lieu of homestead, that judgment was reversed as to the allowance of $2,000, and affirmed in all other respects. Exceptions were filed below to the mandate of the supreme court, alleging that the judgment of the supreme court was void, which was overruled, and the district court reformed its judgment so as to make it conform to the judgment of the supreme court. *Held,*

(1) The judgment of the district court, in effect refusing to disregard the direction of the supreme court, was proper.

(2) No appeal lies from a judgment of the district court rendered in accordance with a mandate of the supreme court, which provides in substance for the final disposition of a cause.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

The opinion states the case.

*John T. Harcourt*, for appellant.

I. The party appealing must have an interest in the proceedings in which the decree or order is passed which may be injuriously affected thereby. R. S., arts. 1993, 2000, 2200; Davenport *v.* Hervey, 30 Tex., 327; Connell *v.* Chandler, 11 Tex., 249. The homestead vests in the heirs whether set apart or not. 21 Tex., 665.

II. There is no provision in the statute for an appeal to be taken to the supreme court from a final judgment of the district court, rendered on appeal or *certiorari*, in probate cases taken from the county court in probate matters. R. S., art. 2208; also arts. 1380, 1381, 1382, 1803; Const., art. V, secs. 3 and 8.

III. The court erred in not sustaining the exceptions and pleas filed by the defendant Carrie Lowell on November 20, 1882, for the reasons stated, and all of which are assigned as error.

IV. The court erred in the judgment rendered in refusing to make a reasonable allowance in lieu of the homestead.

V. The court erred in the judgment, because there was no evidence offered to show that there was an existing family homestead belonging to the estate of Henry Lowell, deceased.

VI. The court erred in reforming the judgment as directed by the mandate of the supreme court, on the motion of the plaintiffs, because it was contrary to the express provisions of the statute law of the state.

Looking alone to the judgment of the court to see what was the judgment rendered, we find it to be " that the judgment of the court below be reversed in so far as the same orders an' allowance of $2,000, and sale of property to satisfy the same, in lieu of a homestead, and that part of the application of Mrs. Carrie Lowell be dismissed."

This is nothing more than a judgment of dismissal, and it is a well established rule that " a dismissal or nonsuit, not determining the rights of the parties, cannot support the plea of *res adjudicata*. Nor will the reasoning and opinion of the court upon the subject, on the evidence adduced before it, have the force and effect of a thing adjudged, unless the subject matter be definitely disposed of by the judgment." Fish *v.* Parker, 14 La. Ann., 491; Bond *v.* McNider, 3 Ired. (Law), 440; Freeman on Judgments, sec. 261.

The dismissal of a bill in chancery will operate as a bar unless it

be " dismissed without prejudice. It is certainly the common practice in this state that a mere dismissal of a suit does not operate as a bar to another suit. A case dismissed for want of prosecution, or for failing to comply with a rule for costs, would not operate as a bar. In the present case the language of the judgment does not definitely settle the rights of either party. It does not adjudge that the plaintiff has a family homestead, and is not entitled to the substituted allowance in lieu thereof, and that she take nothing by her suit. It does not adjudge that the family homestead be set apart to the widow and children, but the judgment simply reverses the judgment of the court below and dismisses the petition. Such a judgment rendered in the supreme court can have no greater effect than a judgment of dismissal in the district court. The action of the district court was invoked by a written motion of the appellees to render its judgment of dismissal in that court, and from that judgment we have the right of appeal.

If Carrie Lowell had not appealed she could have filed a new petition in the probate court for her substituted allowance in lieu of a homestead, or the county judge, without a petition, could make the order and again bring the case here as a new suit. The court will not force her to do this if her rights can be properly adjudicated in this case. The decisions of this court have established the rule that it is not bound to follow the decision rendered in the same case on a former appeal. Burns v. Ledbetter, 56 Tex., 282, and cases cited; Rodgers v. Ragland, 42 Tex., 422.

VII. The rule is well established in this state, that " when the words of a statute clearly express the legislative will, courts are not at liberty to give a construction to it which would defeat the obvious meaning and intention of the law-making department." Thompson v. Buckley, 1 Tex., 33; Randolph v. The State, 9 Tex., 521; Runnells v. Belden, 51 Tex., 48.

Ballinger & Mott, for appellees.

WEST, ASSOCIATE JUSTICE.— This case was before the court for determination at a previous term. It will be found fully reported in 56 Tex., 574. The facts to be considered in deciding the present appeal are as follows:

On the 16th of August, 1880, the appellant Carrie Lowell, as the widow of H. Lowell, for herself and her minor children, filed her application in the county court of Galveston county for an allowance in lieu of homestead and other exempted articles, alleging that

they did not exist in kind in the estate, and also for one year's support for herself and her children. On the 4th of October the appellants, Ball, Hutchings & Co., creditors, filed their opposition upon the ground that the deceased acquired lot number three (3), in block number six hundred and twelve (612), and improvements thereon, in the city of Galveston, in 1881, and occupied the same with his family as a homestead to the day of his death. That in 1875 he transferred the said lot to his wife by deed of gift, but the homestead character of the same was never changed, and the property was used and occupied as such by himself and family. That said house and lot being the homestead, the widow ought not to be permitted to claim another and different homestead out of the estate, or to claim an allowance in lieu thereof. Ball, Hutchings & Co. were creditors of the estate, having a lien on lot 7 of the subdivision of the north half of block 683, in the city of Galveston, evidenced by deed of trust executed by Henry Lowell. Their claim was duly probated. On the 5th of October, 1880, the county court rendered a decree allowing the appellee $3,600 in lieu of homestead, because there was not among the effects of the deceased, Henry Lowell, any homestead of the family; and also allowing $1,200 for the support and maintenance of the appellee and her two minor children for one year; and the further sum of $400 in lieu of other exempted personal property. To satisfy these allowances the administratrix was ordered to sell the property of the estate, including that upon which appellants held a lien. Appellants took the case into the district court of Galveston county, and the cause was tried *de novo*, resulting in a decree, February 9, 1881, in favor of appellant, allowing her $2,000 in lieu of homestead, on the ground that there was not among the effects of the deceased a homestead of the family; $1,200 for one year's support, and $400 in lieu of other exempt articles. The administratrix was ordered to sell the property of the estate to raise money to pay said allowances, and was required to sell said mortgaged property last. From this decree an appeal was taken to the supreme court, and that court at the January term, 1882, rendered judgment " that the judgment of the court below be reversed in so far as the same orders an allowance of $2,000, and sale of property to satisfy the same, in lieu of a homestead, and that part of the application of appellee Mrs. Carrie Lowell be dismissed," and in all other respects the judgment was affirmed. The mandate of the supreme court was filed in the district court September 14, 1882. On November 20, 1882, appellant filed a motion to dismiss the appeal from the county court to the

district, *nunc pro tunc*, on the ground that appellees had no such interest in the controversy as to entitle them to prosecute said appeal. On the same day appellant filed an application for an order requiring the clerk to transmit a certified copy of the judgment of the district court of February 9, 1881, to the county court for observance. On November 27, 1882, appellees filed a motion to reform the judgment of February 9, 1881, so as to make the same conform to the judgment of the supreme court, and to transmit a copy of the judgment so reformed to the county court for its observance. On November 20, 1882, appellant filed exceptions to the mandate, in which she alleged that the judgment of the supreme court was void. On November 27, 1882, the district court overruled the exceptions of appellant and rendered judgment reforming its judgment of February 9, 1881, so as to make it conform to the judgment of the supreme court. From this judgment of November 27, 1882, this appeal is taken.

The assignments of error are evidently intended to bring in review the correctness of the judgment of this court rendered at a former term in this case. We are not aware of any precedent that would authorize such action on our part.

No case has been cited in which such a course has been pursued, and we know of none. The cases of Layton v. Hall, 25 Tex., 202; 10 Tex., 55, and 16 Tex., 262; White v. Downs, 40 Tex., 227; Ragland v. Rogers, 42 Tex., 422; Reeves v. Petty, 44 Tex., 149, which are sought to be used as authority, were all cases where the judgment of the district court had been simply reversed and the cause remanded for a new trial on its merits, and after such trial was had, the judgment, not of this court but of the district court, has been brought here for review; nor do we regard the two cases of Burns v. Ledbetter as laying down a different rule (54 Tex., 374, and 56 Tex., 282). Wells on Res Adjudicata, ch. 44; Kendall v. Mather, 48 Tex., 596; Willis v. Owen, 43 Tex., 48.

Under such circumstances, this court has on rare occasions, proceeding in each instance with great caution, and not always with entire unanimity, declined to follow in every respect its previous ruling, as will be seen from an examination of the cases above and below cited. See also, in this connection, Rogers v. Bradford, 56 Tex., 633, and Holmes v. Coryell, Galveston term, January, 1883.

But where, as in this case, the judgment of the district court was thoroughly considered, and the court, refusing to reverse the judgment below and grant a new trial on the merits, proceeded to de-

clare the judgment that should be rendered, and directed its entry by the district court, and provided in substance for a final disposition of the cause, this court has never undertaken under such circumstances to review its own action. Blair *v.* Parr, 49 Tex., 85; Parker *v.* Pomeroy, 2 Wis., 122; Thomason *v.* Dill, 34 Ala., 177; Wood *v.* Wheeler, 9 Tex., 127; Rising *v.* Carr, 70 Ill., 596; Phelan *v.* San Francisco, 20 Cal., 45; Downer *v.* Palmer, 51 Cal., 699; Wash. Bridge Co. *v.* Stewart, 3 How. (U. S.), 425; Corning *v.* Troy Nail Co., 15 How., 466; Stacy *v.* R. R. Co., 32 Vt., 552; Dodge *v.* Gayler, 53 Ind., 368; Watt *v.* White, 46 Tex., 342. The case of Burke *v.* Mathews, 37 Tex., 74, has not been overlooked. Att'y Gen. *v.* Lum, 2 Wis., 514.

No portion of this record is now properly before us for review on this appeal, except the action of the district court had since the mandate of this court was there filed. That action was in strict compliance with the directions of the mandate, and the judgment of the district court, in effect refusing to disregard the directions of this court, is affirmed.

AFFIRMED.

[Opinion delivered February 13, 1883.]