## HUME v. PERRY et al.†

(Court of Civil Appeals of Texas. March 30, 1911. Rehearing Denied April 20, 1911.)

1. EXECUTORS AND ADMINISTRATORS (§ 227*)— PRESENTATION OF CLAIM — CLAIM PRESENTED.

The provision of Rev. St. 1895, arts. 2063–2090, requiring the verification and presentation of claims to an executor, etc., for allowance, only applies to claims, the amount of which is fixed and definite, and susceptible of being verified by affidavit.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 814; Dec. Dig. § 227.*]

2. EXECUTORS AND ADMINISTRATORS (§ 228*)— PRESENTATION OF CLAIMS.

The presentation of a claim against a decedent's estate to the executor for allowance is the beginning of a legal prosecution to judgment.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 228.*]

3. PRINCIPAL AND SURETY (§ 146*)—ACTIONS— JOINDER OF PRINCIPAL.

By the direct provisions of Rev. St. 1895, art. 2085, the order of a county judge sitting in probate, passing on a claim against an estate, has the force of a final judgment, which is appealable to the district court. Sayles' Ann. Civ. St. 1897, art. 3818, provides that no surety shall be sued, unless his principal is joined, unless judgment has been previously rendered against the principal, except as provided in article 1204, relating to where the principal resides outside the state, etc.; and article 3819 extends the remedies provided for sureties to indorsers, guarantors, etc. Held, that a judgment could not be obtained against the estate of one who was a guarantor of the debt sued on so as to make the estate a surety, without joining the principal in the suit, or unless judgment had been previously rendered against the principal in an independent proceeding.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 386; Dec. Dig. § 146.*]

4. PRINCIPAL AND SURETY (§ 159*)—REMEDY OF CREDITOR—PRESUMPTION.

In an action on a note against the principal and sureties, it must be presumed, in absence of a contrary showing, that the principal was solvent, a resident of the state, and within reach of process, so that he could have been sued alone, before proceeding against one of the sureties, a decedent's estate.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 428–435; Dec. Dig. § 159.*]

5. PRINCIPAL AND SURETY (§ 152*)—ACTION— JOINDER OF SURETY.

Sayles' Ann. Civ. St. 1897, art. 1340, requires the judgment foreclosing a lien to be that plaintiff recover his debt with foreclosure, and, except in judgments against executors, etc., that an order of sale issue, directing seizure and sale as under execution, and if the proceeds be insufficient to satisfy the judgment, that any balance unpaid be satisfied out of defendant's property. Article 3813 permits a surety when sued with his principal to have the question of suretyship tried, and article 3814 provides, if the findings favor the surety, execution shall be directed to be first levied upon the principal's property, and then upon the property of the surety, necessary to make up any deficiency. Article 2341 provides that, if the face of the execution shows that one of those against whom it is issued is a surety, levy shall first be made upon the principal's property, and, if that is in-

sufficient, then levy shall be made upon enough of the surety's property to make the amount of the execution.. *Held*, that an estate which was surety on notes secured by a vendor's lien should be made a party defendant in an action against the principal debtor on the notes and to foreclose the lien, in order to enable the executrix of the estate to protect the equitable rights of the estate; and hence the principal could not be proceeded against alone in the district court for a personal judgment, and the claim afterwards prosecuted against the estate in the probate court.

[Ed. Note.—For other cases, see Principal and Surety, Dec. Dig. § 152.*]

6. PRINCIPAL AND SURETY (§ 152*)—ACTIONS —JOINDER OF DEFENDANTS.

Since a judgment against the principal debtor would not bind an estate which was surety therefor, so that the same issues would have to be tried again in a different court in a subsequent action against the estate as surety, necessitating the splitting of causes of action and endangering the cause of action against the estate by the running of limitations, the principal and surety should be joined in one action in the district court.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 416–419; Dec. Dig. § 152;* Parties, Cent. Dig. § 34.]

7. LIMITATION OF ACTIONS (§ 104½,* New, vol. 6, Key No. Series)—SUSPENSION OF LIMITATIONS.

Whenever the law requires a delay in legal proceedings, it also suspends the running of limitations.

8. PARTIES (§ 29*)—JOINDER—PREVENTION OF MULTIPLICITY OF SUITS.

It is the policy of the law to discourage a multiplication of suits, and, so far as practicable, to determine all issues in one proceeding, so that all parties necessary for that purpose should be joined.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 41; Dec. Dig. § 29.*]

9. PARTIES (§ 52*)—ADDITIONAL PARTIES.

Under Sayles' Ann. Civ. St. 1897, art. 1208, providing that before a case is called for trial additional parties may be brought in by plaintiff or defendant, but shall not be brought in at such a time as to unreasonably delay the trial, if defendant surety, in an action on a note and to foreclose a vendor's lien, desires that various purchasers of the land be made parties defendant, so that the lien could be foreclosed so as to prevent redemption by such purchasers, such parties should have been brought in before the surety's answer was filed, so that he cannot ask therein that the purchasers be made defendants.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 83; Dec. Dig. § 52.*]

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Action by Lucy Perry against Winfred L. Hume, executrix, and others. From a judgment overruling a demurrer to the petition, defendant named appeals. Affirmed.

Mark McMahon and J. G. McGrady, for appellant. Read & Lowrance, for appellee.

HODGES, J. The appellee, Mrs. Lucy Perry, a feme sole, instituted this suit in the district court of Fannin county against Henry G. Evans, J. L. Hume, and Mrs. Winfred Hume, the latter as the executrix of the estate of Geo. L. Hume, deceased. The pe-

tition alleges, in substance, the execution and delivery of seven promissory notes by Henry G. Evans to Geo. L. Hume in 1904, aggregating $5,200, due in seven annual installments thereafter; that the notes were given in part payment for land described in the petition; that they were afterwards transferred by indorsement by Geo. L. Hume to the appellee, Mrs. Lucy Perry; that upon the failure of Evans to pay the first of the notes to mature, an agreement was entered into, on April 1, 1908, by which the time of the payment of the past-due notes was extended to the 1st day of the following December; that upon the same date a written contract was made, by which Geo. L. Hume and J. L. Hume bound themselves to guarantee the payment of the past-due notes on the date to which they had been extended, and of the remaining notes as they matured. The agreement further provided that the parties thereto waived notice and protest of every nature and description, except notice of default, to be given 90 days in advance of bringing any suit on the notes. This agreement was signed by Evans also. It is further alleged that on the same date, and as additional security for the payment of all the notes, Evans executed a deed of trust on certain lands situated in Collin county. It is also alleged that after the execution of the above-mentioned instruments, and before the maturity of the notes according to their terms, Geo. L. Hume died, and Mrs. Winfred Hume was appointed executrix of his estate. The specific allegations relative to those facts are as follows: "And whereas the said Geo. L. Hume has died, and the said Winfred Hume has been appointed executrix of his estate and is acting as such executrix under the orders of the probate court of Travis county, Texas; and whereas more than 90 days' notice in advance of bringing this suit has been given to said Mrs. Winfred Hume and J. L. Hume; and whereas this claim against the estate of said Geo. L. Hume has been presented to Mrs. Winfred Hume, executrix of said estate, and the said Mrs. Winfred Hume did, on, to wit, the 13th of October, 1909, refuse to approve said claim," etc. The petition then closes with a prayer for judgment against all of the defendants for the amount of the principal and interest due on the notes, together with 10 per cent. attorney's fees, according to their tenor and effect, and for the foreclosure of the vendor's lien and the lien created by the deed of trust executed by Evans.

Evans answered, admitting the execution of the notes, and that they were unpaid, except as to a portion of the interest claimed. He also admitted the execution of the deed of trust, and asked that the judgment be so framed as to require the property covered by it to be first sold and the proceeds applied to the payment of the amount found to be due. J. L. Hume and Mrs. Winfred

Hume, the latter as executrix of the estate of Geo. L. Hume, filed a joint answer, in which each separately demurred generally to the petition. They also denied generally the facts alleged. They further answered specially as follows: "These defendants deny all the allegations of plaintiff's petition. These defendants further answering say that plaintiff should not recover against them in the form of suit as now presented, for the reason that she is not exhausting all of her primary security for the payment of the debt sued on in this: That defendant Evans, prior to the institution of this suit, sold in various tracts the entire lands situated in Fannin county mentioned in the petition, upon which plaintiff has a vendor's lien, to various persons whose deeds have been placed of record in the county clerk's office in Fannin county, prior to the filing of this suit, and of which the plaintiff had notice, and none of the said purchasers, all of whom reside in Fannin county, have been made parties defendant to this suit, and therefore this court cannot foreclose the vendor's lien upon such lands in such form as would exhaust the same and place it beyond the right of such purchasers owning or in possession thereof to redeem the same, and therefore it is inequitable to compel these defendants to pay any sum to the plaintiff as indorsers or guarantors, until the plaintiff has exhausted the aforesaid securities; such sales having been made on the dates and in the amounts as follows." Then follow in detail the names of the parties which they claim should have been joined in this suit, together with the number of acres of the land described in the plaintiff's petition which each claims to own. The answer closes by asking to be discharged with their costs.

By a supplemental petition the plaintiff demurred generally to the portion of the answer copied above. This demurrer was sustained, and the appellant's general demurrer to the plaintiff's petition was overruled. These rulings are the errors assigned. Mrs. Winfred Hume, the executrix, alone has appealed.

The ground upon which it is contended that a general demurrer should have been sustained to the petition is that it shows upon its face that more than 90 days have elapsed between the rejection of the claim evidenced by the notes and contract of guaranty and the institution of this suit. The petition alleges that the approval of the claim was refused on the 13th day of October, 1909, and the indorsement on the petition shows that this suit was filed January 15, 1910, thus disclosing an interval of more than 90 days. The argument in support of the demurrer assumes that the petition shows upon its face that Mrs. Hume is not an independent executrix, and that the claim sued on is one which, under the provisions of chapter 19 of title 39 of the Statutes (Rev. St. 1895), should have been presented to her for allowance as a condition precedent to the institution of any suit thereon. If these assumptions are correct, there would be much force in the contention here made that the general demurrer to the appellees' petition should have been sustained.

[1] However, it may be conceded that the executrix was not authorized to administer the estate independently of the probate court, and that it affirmatively appears from the petition that more than 90 days have elapsed between the presentation and rejection of the claim and the institution of this suit; still the court correctly overruled the demurrer, if the claim is of that character which the law does not require to be verified and presented for allowance in the manner pointed out in the chapter above referred to. While the language of the statute is general, and is sufficiently comprehensive in terms to include all claims for money against the estate of a deceased person, the courts have limited its application to those where the amount claimed is fixed and definite, not contingent or indeterminate, and which are susceptible of verification by affidavit. National Guaranty Loan & Trust Co. v. Fly, 29 Tex. Civ. App. 533, 69 S. W. 231, and cases cited.

The solution of the question here presented may be materially aided by analyzing the conditions with which the appellee as a creditor was confronted at the time this debt matured, or when this suit was filed. She then held an indebtedness for which three different parties were liable, and against whom she had the right to proceed to enforce payment. One of the parties, Evans, was liable primarily; the others, the Humes, being guarantors, or sureties, were only conditionally so. In order to avail herself of the right to subject the property belonging to the estate of Geo. L. Hume to the payment of her claim, she was required to adopt one of the three following methods of procedure: (1) Present her claim to his executrix and prosecute it to judgment through the probate court, without reference to any previous or contemporaneous proceedings against Evans, the principal obligor; or (2) proceed against Evans in the district court, and, after having there obtained a personal judgment against him, then present and prosecute her claim in the probate court against the estate of Geo. L. Hume; or (3) adopt the course she did—join all of them in one action in the district court. Unless the claim is one which should be prosecuted to judgment in either the first or the second method above indicated, it would seem that rejection by the executrix was not made by the statute a condition upon which suit could be instituted to establish the liability of the estate of the deceased party. In determining whether or not either of those methods should have been pursued, we should inquire into the relations of the parties toward each other as disclosed by the pleadings; ascer-

tain their relative rights and the equities which the court would be called upon to adjust in the final decision of the controversy; and, if it is found that the probate court is not authorized for any reason to award the full measure of relief to which they would be entitled, that fact would furnish a strong reason for concluding that the district court was the proper forum. The provisions of the statute relating to the prosecution of claims against the estate of a decedent were not intended to compel creditors to split up causes of action, otherwise indivisible, or to resort to tribunals whose powers are inadequate to render complete justice between the parties.

The first inquiry is, Could the appellee have proceeded in the county court against the estate of Geo. L. Hume alone, without reference to any contemporaneous or previous proceeding against Evans? If so, she was required to first present her claim to appellant as the executrix of that estate. This would necessarily imply that appellant might either reject or allow the claim, for it would be folly to require its presentation where this discretion did not exist.

[2] It is now the settled law that the presentation of a claim against the estate of a decedent to the executor or the administrator for allowance is the beginning of a legal prosecution to judgment. Cotton v. Jones, 37 Tex. 36; Morrill v. Hoyt, 83 Tex. 60, 18 S. W. 424, 29 Am. St. Rep. 630. When the county judge sitting in probate passes on the claim, his order has the force and effect of a final judgment, from which an appeal may be prosecuted to the district court. Art. 2085, R. S. 1895.

[3] The pleadings here show that Geo. L. Hume was liable only as a guarantor of the debt sued for, and consequently his estate occupied the status of a surety, within the meaning of our statute regulating the institution of suits of this character. Article 3818 of the Revised Civil Statutes provides that no surety shall be sued, unless his principal is joined with him, or unless a judgment has previously been rendered against his principal, *except in the cases provided for in article 1204.* Article 3819 provides that the remedies provided for sureties by this title extends to indorsers, guarantors, etc. The exceptions mentioned in article 1204 are cases in which the principal obligor resides beyond the limits of the state, or in some part where he cannot be reached by ordinary process of law, or when his residence is unknown and cannot be ascertained by the use of reasonable diligence, or when he is dead or actually or notoriously insolvent. It follows that no proceedings which would necessarily culminate in a judgment against the estate of Geo. L. Hume could have been instituted without joining therein the principal, Evans, or unless judgment had previously been procured against him in an independent proceeding. It is therefore apparent that

the first method of procedure was not the one which the creditor in this case should have adopted, for the reason that such course, if successfully pursued, would have resulted in the doing of something forbidden by statute. Since Evans could not have been joined in the proceedings in the probate court in the prosecution of this claim, those provisions of the statute could not have been complied with, without first instituting and prosecuting to judgment a suit against him in the district court.

This, then, brings us to the consideration of the second alternative before referred to, Was the appellant required to proceed in this manner against Evans, either alone or in conjunction with J. L. Hume, before she was authorized to proceed in the county court against the appellant?

[4] In the absence of any allegations to the contrary, we must assume that Evans was solvent, was a resident of this state, and was within reach of the process of the court. In this particular inquiry it may also be assumed that he had given liens upon the real estate described in the petition to secure his primary obligation to pay those debts, and that this property was still available for that purpose. In addition to a personal judgment against Evans for the amount of the debt, the petition also sought a foreclosure of those liens. This pleading, therefore, disclosed a situation which would preclude any resort to the property belonging to the estate of Geo. L. Hume, except for a deficiency that remained after deducting what might be realized from the sale of the mortgaged property, and such other property as Evans might have that was subject to execution.

Article 1340 of the Revised Civil Statutes provides that judgments for the foreclosure of mortgages and other liens shall be that the plaintiff recover his debt, damages, and costs, with the foreclosure of his lien on the property subject thereto, and (*except in judgments against executors, administrators, and guardians*) that an order of sale shall issue to the sheriff or any constable of the county where such property may be, directing him *to seize and sell the same as under execution* in satisfaction of the judgment; and if the property cannot be found, or if the proceeds of such sale be insufficient to satisfy the judgment, then to make the money or any balance thereof remaining unpaid out of any other property of the defendant, as in case of ordinary executions. In a recent case (Bailey v. Block, reported in 134 S. W. 323) the Supreme Court holds that no valid execution can be issued on a judgment foreclosing a lien for any deficiency, until there has been a compliance with the requirements of this provision of the statute. Article 3813 provides that, when any suit is brought against two or more defendants upon any contract, any one or more of the defendants being surety for the other, the surety may, upon a written statement of the matter being set

out in his answer, cause the question of suretyship to be tried, etc. Article 3814 provides that if the finding of such issue be in favor of the surety the court shall make an order, directing the sheriff to levy an execution, first, upon the property of the principal, subject to execution, situated in the county in which the judgment was rendered, before a levy shall be made upon the property of the surety, if so much property of the principal can be found as will, in the opinion of the sheriff, be sufficient to make the amount of the execution; otherwise the levy to be made on so much property of the principal to be found, if any, and upon so much property of the surety as may be necessary to make the amount of the execution, and the clerk shall make a memorandum of such order on the execution. Article 2341 provides that, if it appear upon the face of an execution, or by the indorsement of the clerk, that of those against whom it is issued any one is surety for another, the levy of the execution shall first be made upon the property of the principal, subject to execution, and situated in the county in which the judgment is rendered; that, if a sufficient amount of the property, subject to execution, belonging to the principal cannot be found in such county, he shall levy upon such as is found, and upon so much property of the surety as may be necessary to make the amount of the execution.

From the foregoing statutory provisions it is clear that upon the facts shown by the pleadings in this case it is a controversy in which the representative of the estate of Geo. L. Hume had equitable rights which should be recognized and adjusted in a suit against the principal obligor, Evans, to which she was a party, or which was intended to furnish a basis for subjecting the assets in her hands to the payment of any deficiency found to exist. But, unless she is a party to the suit against Evans, how can she secure the protection of those rights? It is no answer to say that she might intervene for that purpose, because if she might thus voluntarily become a party to such a suit against Evans she might, upon the same principle, be made one over her objection. The propriety of her connection with such a suit is questioned upon the ground that the court has no authority to adjudicate her liability, until other preliminary requirements of the law have been complied with.

[6] But what has been said is not the only objection that may be urged against compelling the creditor to proceed against the principal debtor alone, before prosecuting his claim against the estate of the deceased surety or guarantor. The judgment secured in such an action against the principal alone would have no binding force against the representative of the estate of the surety, and in a subsequent proceeding against the latter the issues would have to be tried anew, before a different tribunal, thus entailing the necessity of splitting up causes of action which might otherwise be settled in a single suit. The delay incident to the prosecution of a suit against the principal would also endanger the right of action against the estate of the surety, resulting from the continued operation of the statute of limitation. Or, if limitation did not interfere, the statutory period of one year within which claims must be presented for allowance, or suffer postponement, might intervene and prejudice the rights of the creditor.

[7] When the law demands a delay, it also suspends the running of statutes of limitation.

If neither the first nor the second method of procedure was available to the creditor in this instance, then it logically follows that she had the right to join them all in this proceeding in the manner she did in the district court, where all the issues could be adjudicated, and complete justice done to all parties.

[8] It has been the policy of law in this state for many years to discourage the multiplication of suits, and, as far as practicable, determine all issues in one proceeding. Francis v. Northcote, 6 Tex. 186; Rush v. Bishop, 60 Tex. 177; Clegg v. Varnell, 18 Tex. 294. The district court having jurisdiction of the subject-matter of this suit, there is no reason why all of the parties should not be joined therein and have their relative rights passed upon in one action. The case of National Loan & Trust Co. v. Fly, before referred to, is much like the present on the facts, and the reasons there assigned for holding that the district court had jurisdiction, regardless of any previous action of the administrator in rejecting the claim, are peculiarly applicable here. We therefore conclude that there was no error in overruling the general demurrer.

[9] It is also contended that the court erred in sustaining the appellees' exception to that portion of the appellant's amended answer before referred to. Whatever merit there may be in this plea as one in abatement, had it been interposed at the proper stage of the proceeding, we do not think it was available as a bar to the suit. Article 1208 of the Revised Civil Statutes provides that before a case is called for trial additional parties may, when they are necessary or proper parties to the suit, be brought in by proper process, either by the plaintiff or the defendant, and upon such terms as the court may prescribe; but such parties shall not be brought in at such a time or in such a manner as unreasonably to delay the trial of the case. If the appellant, as a defendant in this suit, desired the bringing in of new parties for her own protection, we think this should have been done earlier in the proceeding. Wood v. Loughmiller, 48 Tex. 204; Chapman v. Lacour, 25 Tex. 94; Reagan v. Copeland, 78 Tex. 555, 14 S. W. 1031. It is true there are some actions in which an objection to the lack of parties may require the court to

arrest the proceedings until the absentees can be brought in. Such, however, appear to be cases in which no valid judgment can be rendered without the additional parties. Such is not the case here. The parties mentioned in the appellant's answer were necessary only in case it was sought to bind them by the judgment foreclosing the vendor's lien upon the property, and thus barring their equity of redemption, or whatever rights they held as purchasers with notice. We do not think the court committed any error in sustaining the demurrer to this portion of the special answer.

There is no statement of facts in the record, and our only means of ascertaining whether or not the judgment is correct is by an examination of the pleadings. According to our view, if the evidence was sufficient, the pleadings were ample.

The judgment is accordingly affirmed.