# NOVEMBER, 1922

---

Texas Company v. Charles Clark & Company.

No. 3120.    Decided November 15, 1922.

(244 S. W., 995).

Practice on Appeal—Mandate.

Under article 1559, Rev. Stats., requiring the mandate in a case reversed and remanded by the Court of Civil Appeals to be taken out within twelve months after rendition of final judgment, where application for writ of error is made to the Supreme Court the twelve months allowed by the statute begin to run from the date of the judgment denying the writ (Dignowitty v. Fly, 110 Texas, 613); and this ruling applies as well where the application for writ of error is dismissed by the Supreme Court for want of jurisdiction, there being no question as to good faith in making it.    (Rule 66 for Courts of Civil Appeals;  Frank v. Tatum, 87 Texas, 204).    (pp. 76-79).

Questions certified from the Court of Civil Appeals for the First District, in an appeal from Galveston County.

The ruling of the Court of Civil Appeals reversing and remanding the cause is reported in 182 S. W., 351. A ruling on the motion to require the issuance of certificate is reported in 196 S. W., 251.  The question here certified arose on motion of the Texas Company to require the mandate to be returned. The Supreme Court referred the question to the Commission of Appeals Section B, and their opinion is adopted by the Supreme Court as its answer.

*T. J. Lawhon, and Terry, Cavin & Mills,* for the Texas Company, appellant.

The facts certified are such as to require the Court of Civil Appeals to grant the motion and to require an answer from the Supreme Court to the certified questions that the motion should have been granted.    3 Corpus Juris, 371, 372, sec. 128.

The rule for which we are contending is so well stated by Justice Philipps in P. & N. T. Railway Company v. Rayzor, 106 Texas. 547, 172 S. W., 1103, that we quote therefrom as follows: ''If the county court was without jurisdiction of the cause of action declared upon in the original petition, the filing of the petition was not the 'commencement and prosecution of a suit' and did not operate as an interruption of limitation. Ball v. Hagy, 54 S. W., 915; International & G. N. R. R. Co. v. Flory, 118 S. W., 1116; Sweet v. Light Company, 97 Tenn., 252, 36 S. W., 1090.''

There is no case that we have been able to find identical in its facts with the question here raised. That most in point is Stone v. Stone, 43 S. W., 567, which was a divorce suit.

As we have already said, the Supreme Court of Texas has said that it had no jurisdiction over this application. This statement, judgment, decree, of the Supreme Court cannot be construed to mean anything except that it says, and, meaning what it says, it necessarily follows that the filing of the application for writ of error was in all things a nullity.

*Marion J. Levy, F. Spencer Stubbs,* and *Jas. B. & Chas. J. Stubbs,* for Clark & Co., appellees.

Article 1559, Revised Statutes, upon which appellant chiefly bases its motion, provides that in cases which are reversed and remanded by the Supreme Court or Courts of Civil Appeals, no mandate shall be taken out of either of said courts and filed in the court below, unless such mandate shall be so taken out within the period of twelve months after the rendition of final judgment of the Supreme Court or Court of Civil Appeals or the overruling of motion for rehearing.

The final judgment of the Supreme Court in this cause was rendered April 18, 1917, and the mandate was issued by the Clerk of this court and filed in the District Court June 1, 1917. The final judgment of the Supreme Court was one of dismissal for want of jurisdiction and adjudged the costs against appellee, who applied for the writ of error.

It is manifest that this court could not and should not have issued a mandate within twelve months after its judgment was rendered reversing and remanding the cause, which was on October 21, 1915, nor within twelve months after the motion for rehearing was overruled, which was on April 20, 1916, nor until after the expiration of twelve months from the final judgment of the Supreme Court rendered April 18, 1917. Dignowity v. Fly, 110 Texas, 613; Gresham v. Welsh, 17 Texas Civ. App., 712, 41 S. W., 667; Third National Bank v. National Bank of Commerce, 139 S. W., 665; Frank v. Tatum, 87 Texas, 204; National Bank of Commerce v. Kenney, 101 Texas, 1. The statute does not say that that must be a final judgment reversing and remanding. Thus construed, it is in entire harmony with Rule 66 for the Courts of Civil Appeals, which reads as follows:

"Upon the presentation to him of an application for a writ of error, the clerk of the court of civil appeals shall withhold the mandate until properly advised of the disposition of the case by the Supreme Court." 142 S. W., XVI.

If the very narrow construction contended for by appellant is adopted, it would abrogate said Rule 66, The two should be construed so that both should be effective, if that can be done. Smith v. Chytraus, 152 Ill., 664, where it was held that an appeal when perfected, even though granted to a tribunal which has no jurisdiction to entertain it, suspends action on the judgment until the appeal is dismissed by the Appellate Tribunal.

Mr. Judge GALLAGHER delivered the opinion of the Commission of Appeals, Section B.

The certificate of the Honorable Court of Civil Appeals shows the following facts:

Charles Clark, doing business as Charles Clark & Company, plaintiff, brought suit in the District Court of Galveston County against the Texas Company, defendant, to recover the value of a barge which plaintiff alleged was destroyed by fire caused by the negligence of defendant. The trial in the District Court resulted in a judgment in favor of plaintiff in the sum of $8,707. Defendant appealed and the Court of Civil Appeals reversed the judgment and ordered the cause remanded to the District Court for another trial. Thereafter, on the 20th day of April, 1916, that court overruled plaintiff's motion for rehearing.

Plaintiff thereafter, on May 20, 1916, filed with the clerk of the Court of Civil Appeals a petition for writ of error, which, together with the record in the case was forwarded to the Supreme Court. On April 18, 1917, the Supreme Court dismissed the application for writ of error "for want of jurisdiction." No motion for rehearing having been filed within the time allowed therefor, the clerk of the Supreme Court returned the record, together with a certified copy of the order of dismissal to the Court of Civil Appeals and the same was received and filed by the clerk thereof on May 7, 1917.

The clerk of the Court of Civil Appeals, on application of defendant, on June 1, 1917, issued his certificate reciting the facts aforesaid, and attached thereto certified copies of the orders of that court reversing and remanding the cause and overruling motion for rehearing, and of the order of the Supreme Court dismissing the application for writ of error for want of jurisdiction. The defendant, on the same day, filed in the District Court its motion to dismiss the cause under the provisions of Article 1559 of the Revised Statutes and attached thereto the said certificate.

Thereafter, on the same day, the plaintiff applied for and received from the clerk of the Court of Civil Appeals a mandate in said cause and filed the same in said District Court.

Defendant then filed in said Court of Civil Appeals a motion requesting said court to order the return to it of said mandate. The judges of that court being unable to agree upon what disposition to make of such motion, have certified to the Supreme Court the following questions:

"First: In cases reversed and remanded by this court which may be carried to the Supreme Court by writ of eror, can a mandate from this court be issued more than twelve months after the motion for rehearing has been overruled when the application for writ of error has not been acted on by the Supreme Court within the twelve months and is thereafter refused or dismissed for want of jurisdiction, there being no question of good faith on the part of appellee in making the application?"

"Second: If the above question is answered in the negative, then we ask: Ought the motion to recall the mandate in this case be granted?"

The application for writ of error under consideration was filed and acted upon by the Supreme Court under the provisions of the act of March 28, 1913 (Gen. L. p.. 107), defining the jurisdiction of the Supreme Court and regulating the practice therein. That act limited the jurisdiction of the Supreme Court to questions of law arising in the following classes of cases:

"(1)   Those in which the judges of the Courts of Civil Appeals may disagree upon any question of law material to the decision.

"(2)   Those in which one of the Courts of Civil Appeals holds differently from a prior decision of its own, or another Court of Civil Appeals, or of the Supreme Court upon any such question of law.

"(3)   Those involving the validity of statutes.

"(4)   Those involving the revenue laws of the State.

"(5)   Those in which the railroad commission is a party.

"(6)   Those in which, by proper application for writ of error, it is made to appear that the Court of Civil Appeals has, in the opinion of the Supreme Court, erroneously declared the substantive law of the case, in which case the Supreme Court shall take jurisdiction for the purpose of correcting such error."

It further provided that if upon examination of the petition for writ of error the Supreme Court should find the case to be one of which it might take jurisdiction, and that it came within one or more of the specified classes the court should grant the writ for the purpose of deciding the question concerning which the difference existed, or of correcting the erroneous decision and rendering such judgment as might result from a correct decision thereof.

The certificate recites facts which show that the judgment of the Court of Civil Appeals in this case was not conclusive under the provisions of Article 1951 of the Revised Statutes. The case was, therefore, one of which the Supreme Court, upon .sufficient applica-

tion, might have taken jurisdiction. The application for writ of error is not in the record submitted to this court and we do not know what specific rulings of law by the Court of Civil Appeals were complained of therein. It is apparent from even a casual consideration of the classes of cases enumerated in the statute, that it might frequently occur that honest difference of opinion would exist among practicing lawyers, whether a particular case did or did not come within one or more of the specified classes, and that in such cases it would require the exercise of the judicial discretion of the Supreme Court to determine such question. The Supreme Court is the exclusive judge of its own jurisdiction. 3 C. J., sec. 128, pp. 371-2, and authorities there cited.

Article 1559 of the Revised Statutes, so far as involved in the question under consideration, is as follows:

"In cases which are, by the Supreme Court, or Courts of Civil Appeals, reversed and remanded, no mandate shall be taken out of either of said courts and filed in the court wherein said cause originated, unless such mandate shall be so taken out within the period of twelve months after the rendition of final judgment of the Supreme Court, or Court of Civil Appeals, or the overruling of a motion for rehearing."

Since the question here under consideration was certified to the Supreme Court that court has held that the evident purpose of said article was to allow twelve months from the rendition of a final judgment for the issuance of the mandate, and that a judgment of a Court of Civil Appeals was not such a judgment as long as it was subject to review by the Supreme Court. That court further held that when a writ of error was applied for, the twelve months allowed by such statute began to run from the date of the judgment of the Supreme Court denying the writ. Dignowity v. Fly, 110 Texas, 613, 210 S. W., 505.

The defendant does not question the holding in that case but contends that it is not applicable because plaintiff's application for the writ of error was not refused, but was dismissed for want of jurisdiction. We do not think such distinction tenable. The statute provides that any person desiring to sue out a writ of error before the Supreme Court shall prepare his petition therefor and file the same with the clerk of the Court of Civil Appeals, within thirty days of the overruling of the motion for rehearing; and that the clerk of that court shall forward the same together with the original record and certified copies of the orders of that court to the clerk of the Supreme Court. Rev. Stats., Arts. 1540-1542.

When plaintiff in good faith prepared and filed his application for writ of error, he invoked the jurisdiction of the Supreme Court to determine whether it could or would review the judgment of the

Court of Civil Appeals. Such application was not a nullity as contended by defendant. So long as it was pending the judgment of the Court of Civil Appeals lacked the finality necessary to start the statute to running. No motion for rehearing having been filed, the judgment of the Supreme Court dismissing the application for lack of jurisdiction was the final judgment of that Court in the cause. Frank v. Tatum, 87 Texas, 204, 208, 25 S. W., 409.

The Legislature in 1892, as a part of the original Act defining the jurisdiction of the Supreme Court and regulating the practice therein under the Constitutional amendment of 1891, expressly authorized the Supreme Court to make and promulgate suitable rules and regulations for carrying the provisions of such Act into effect. The Supreme Court, in the exercise of that authority, made and published Rule 66 for the Courts of Civil Appeals, which rule is as follows:

"Upon the presentation to him of an application for a writ of error, the clerk of the Court of Civil Appeals shall withhold the mandate until properly advised of the disposition of the case by the Supreme Court."

This rule, by its terms, applies to all applications for writs of error, regardless of their sufficiency, and regardless of the grounds on which a review of the judgment of the Court of Civil Appeals may be sought. It is a general order by the Supreme Court staying the issuance of the mandate in all such cases and is in effect a construction of article 1559 by that court in harmony with its holding in the case of Dignowity v. Fly, *supra,* and contrary to the contention urged by the defendant herein.

We, therefore, recommend that the first question submitted by the Court of Civil Appeals be answered in the affirmative.

Since the second question submitted is predicated upon the possibility of a negative answer to the first question, it is unnecessary to consider the same.

BY THE SUPREME COURT

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton, Chief Justice.*