LONG et al. v. MARTIN.     (No. 1762.)*

(Court of Civil Appeals of Texas. Amarillo. March 5, 1924. Rehearing Denied April 2, 1924.)

1. Judgment ⬅853(3)—Not prevented from becoming dormant by delay in taking out mandate from appellate court.

A party, by delaying in taking out a mandate in the Court of Civil Appeals when he is entitled to it after the judgment has become final by a determination of the Supreme Court, cannot prevent such judgment from becoming dormant within one year under Rev. St. art. 3717, requiring execution to be issued in one year, under Rev. St. arts. 1541, 1633, 1646, Supreme Court rules 4 and 5, and rules for the Court of Civil Appeals, No. 66.

2. Judgment ⬅853(3) — Determination of Court of Civil Appeals held not final so as to start time running within which to sue out execution.

A determination of the Court of Civil Appeals did not become final on failure of party to apply for writ of error within 30 days in such court, where the Supreme Court granted an application for a writ of error, which was duly transmitted to the Court of Civil Appeals, and thereafter rendered judgment declaring that the writ of error was improvidently granted and that the court was without jurisdiction and judgment did not become dormant under Rev. St. art. 3717, until one year after the determination of the Supreme Court, in view of articles 1541, 1633, 1646, Supreme Court rules 4 and 5, and rules for the Courts of Civil Appeals, No. 66.

3. Appeal and error ⬅23 — Supreme Court final judge of own jurisdiction.

The Supreme Court is the final judge of its own jurisdiction.

4. Courts ⬅90(6)—Supreme Court has authority to overrule former decisions.

The Supreme Court has power and authority to overrule or modify its former decisions.

5. Estoppel ⬅68(2) — Parties applying for writ of error estopped to deny Supreme Court had jurisdiction.

Parties who filed an application for writ of error out of time and strenuously insisted that the Supreme Court had jurisdiction, and induced that court to take jurisdiction, are in no position to contend in a court of equity that the Supreme Court had no jurisdiction and that judgment had become dormant under Rev. St. art. 3717, for failure of the prevailing party to issue execution within one year after determination of Court of Civil Appeals.

6. Appeal and error ⬅1185—Determination of Court of Civil Appeals on sufficiency of petition to support judgment binding on lower court, though erroneous.

On application in Court of Civil Appeals for prohibition to restrain interference by injunction with enforcement of judgment according to mandate handed down by such court, defense that the judgment sought to be enforced is void because the petition on which it was rendered set out no cause of action cannot be considered, it having been determined that the petition was sufficient, since the power to decide upon the sufficiency of a cause of action as presented by a pleading, though erroneously applied, is binding until corrected by some superior authority, especially where the term at which the judgment of the Court of Civil Appeals became final has expired.

7. Appeal and error ⬅1185—Power of appellate court, after close of term at which judgment becomes final, to reconsider, stated.

After the close of the term at which its judgment becomes final, the Court of Civil Appeals is without power to reconsider the case on its merits.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 28, 1924.

**8. Courts ⬤207(5)—Court of Civil Appeals may issue writ to prevent interference with judgment.**

The Court of Civil Appeals has power to issue its writ of prohibition to prevent interference with its judgments, such as a suit by the losing party to enjoin issuance of execution thereon.

On Motion for Rehearing.

**9. Evidence ⬤43(3)—Court of Civil Appeals takes judicial cognizance of its own records.**

The Court of Civil Appeals can take judicial cognizance of its own records and ascertain therefrom when its judgment in a certain case became final.

**10. Courts ⬤480(2)—District court cannot enjoin execution of judgment of another court except on ground of nullity.**

The district court of one county has no jurisdiction to enjoin execution of the judgment of another district court, except on the ground that such judgment is a nullity, and cannot restrain such execution on the ground of the dormancy of the judgment under Rev. St. arts. 4643 (3), 4653.

Application by M. E. Martin for a writ of prohibition to restrain H. A. Long and others from interfering with the enforcement of a judgment. Application granted.

Fitzgerald & Hatchitt, of Wichita Falls, for Martin.

W. L. Eason and W. E. Spell, both of Waco, for respondents Long and others.

BOYCE, J. This is an application by M. E. Martin for a writ of prohibition from this court, to restrain the respondents from interfering with the enforcement of the judgment of this court, rendered in the above numbered and entitled cause; the opinion on original hearing being reported in the case of Long v. Martin, 234 S. W. 91.

The case came to this court on writ of error from the district court of Wichita county, and the judgment of the district court was affirmed on the 21st day of May, 1921; judgment being rendered against the plaintiffs in error, H. A. Long and W. H. McCullough, and the sureties on their appeal bond, Ed. McCullough and Tom McCullough. Motion for rehearing was overruled by this court on October 12, 1921. On the 31st day thereafter petition to the Supreme Court for writ of error was filed, which was granted by the Supreme Court on February 15, 1922. Thereafter the Supreme Court dismissed the writ of error for want of jurisdiction and overruled the motion for rehearing thereon on March 7, 1923. See Long v. Martin, 112 Tex. 365, 247 S. W. 827. Mandate of this court was issued on December 4, 1923. On December 20, 1923, alias execution was issued out of the district court of Wichita county on said judgment, directed to the proper officers of McLennan county, and was on the 4th day of January, 1924, levied upon 200 shares of stock in the Central National Bank of Waco; 150 shares of such stock being levied on as the property of W. H. McCullough and 50 shares thereof as the property of Tom McCullough, and the sheriff was proceeding to advertise said property for sale.

Thereafter, on January 29, 1924, Long and the McCulloughs, joined by Kate O. McCullough, wife of Tom L. McCullough, filed suit in the district court of the Seventy-Fourth judicial district, in McLennan county, to enjoin the execution of said judgment of this court. As grounds therefor it was alleged: (1) That the judgment of this court became final on November 12, 1921, 30 days after the overruling of the motion for rehearing, as above stated, and had become dormant because no execution was issued within 12 months after such date. (2) That said judgment is void because the plaintiff's petition in said cause set out no cause of action and conferred no jurisdiction on the trial court or this court to render any judgment therein. (3) That notices of sale were not published in accordance with law. (4) That the levy is illegal because of insufficient description of the property levied on; that W. H. McCullough owns only 10 shares of stock in said bank; and that the 50 shares of stock, levied on as the property of Tom L. McCullough, is the separate property of Kate O. McCullough. The prayer was for temporary injunction against the execution of said judgment and for final judgment, canceling and holding for naught the said judgment of this court and for permanent injunction against the execution thereof. The Hon. H. N. Richey, judge of said district court, on presentation of such petition, granted the temporary injunction as prayed for therein, and said cause is now pending in said court.

As already stated, M. E. Martin, the judgment creditor, has filed this petition for writ of prohibition against the plaintiffs in the injunction suit above mentioned, and Hon. H. M. Richey, judge of said district court, to prevent further interference with the execution of said judgment. The respondents have answered: (1) That this court is without jurisdiction to grant a writ of prohibition against the respondents herein; and (2) that it is their right to maintain said injunction suit for the same reasons alleged in their petition for injunction, as above stated, they have also filed herein what they term a cross-action, in which they ask this court to re-examine the question of the sufficiency of the petition on which the judgment in this case was rendered, to declare it subject to general demurrer, and on such grounds set aside our former judgment.

[1-4] The question as to the dormancy of the judgment will be determined by the effect that should be given to the proceedings in

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

writ of error from this court to the Supreme Court. If the application for the writ of error and the action of the Supreme Court thereon prevented the judgment of this court from becoming final, so that execution might not issue, the judgment was not dormant because execution was issued within a year after the writ of error was finally dismissed by the Supreme Court. Article 3717 of the Statutes provides that—

"If no execution is issued within twelve months after the rendition of a judgment in any court of record, the judgment shall become dormant," etc.

The Commission of Appeals held in the case of McDonald v. Ayres, 242 S. W. 195, that although the mandate of the Court of Civil Appeals was not issued for more than a year after the judgment of that court became final, the judgment was not dormant, probably on the conclusion that as execution on the judgment of the Court of Civil Appeals issues out of the lower court on mandate from the appellate court (R. S. art. 1646) the date for the computation of the period for determining the dormancy of the judgment would begin with the issuance of the mandate. We are not inclined to agree to this conclusion, and in this statement Judge Randolph, who wrote the opinion of the Commission of Appeals in the case of McDonald v. Ayres, and who is now on this court, concurs. Article 1633 of the Statutes provides that—

"If no writ of error be sued out, or motion for rehearing be filed, within thirty days after the conclusion or decision of the court has been entered in any Court of Civil Appeals, the clerk of the court shall, upon application of either party and the payment of all costs, issue a mandate upon said judgment."

We are of the opinion that a party, by delaying taking out a mandate when he is entitled to it, after the judgment has become final, cannot prevent the case from coming within the express terms of article 3717, which we have already quoted. In the case of Continental Gin Co. v. Thorndale Mercantile Co. (Tex. Com. App.) 254 S. W. 939, it was held that the issuance of a mandate is not necessary "to render the judgment final,'" and that the 10 days after rendition of final judgment, allowed under the provisions of articles 7106 and 7107, Revised Statutes, for the return of replevied property, began to run from the time the judgment became final in the appellate court, without reference to the date of the issuance of its mandate. So we come back to the consideration of the question of the effect to be given to the proceeding in the Supreme Court.

In this discussion we may take into consideration, in addition to the articles of the Statutes already referred to, the provisions of article 1541, and rules 4 and 5 for the Supreme Court, and rule 66 for the Courts of Civil Appeals. Article 1541 provides that petition for writ of error shall be filed with the clerk of the Court of Civil Appeals "within thirty days from the overruling of the motion for rehearing." Rule 4 for the Supreme Court is, in part, as follows:

"When the plaintiff in error has failed to file his application within the time prescribed by law, the clerk of this court shall submit the matter to the court before filing same, with any statement of excuse which may be presented by the applicant and the court will act upon such application to file. If it be refused then no record will be made of the application or the disposition of it."

It is provided in rule 5 for the Supreme Court that "the court having granted the writ, the clerk of the court shall issue the writ of error to the judges of the Court of Civil Appeals, to which the writ of error is sought, advising them that the writ has been granted," and shall also issue citation to the defendant in error, etc. Rule 66 for the Courts of Civil Appeals is as follows:

"Upon the presentation to him of an application for a writ of error, the clerk of the Court of Civil Appeals shall withhold the mandate until properly advised of the disposition of the case by the Supreme Court."

Now, as already stated, an application for writ of error was filed with the clerk of this court on the 31st day after the motion for rehearing was overruled. We take it that he had no authority to decline to file it. This application, with motion to be permitted to have it considered, so the record indicates, was presented to the Supreme Court. That court granted the application for writ of error, and on the 7th day of March, 1922, issued the writ of error, directed to this court, as provided in rule 5, above referred to, and said writ of error was duly transmitted to this court. The Supreme Court then, on January 31, 1923, rendered judgment, and, declaring that "the writ of error herein was improvidently granted and that the court is without jurisdiction," ordered that the writ of error be dismissed. A motion for rehearing was filed which was by the court overruled on March 7, 1923. It is true that the Supreme Court has always held that it has no jurisdiction where the application for the writ of error is not filed within 30 days from the overruling of the motion for rehearing in the Court of Civil Appeals. Long v. Martin, 112 Tex. 365, 247 S. W. 827, and authorities there cited. But during all this time the Supreme Court has maintained a rule which in a sense invites the making of such applications and litigants from time to time have, on different excuses for the failure to file the application within time attempted to secure a modification of those holdings. The Supreme Court is the final judge of its own jurisdiction. Texas Co. v. Clark & Co., 112 Tex. 74, 244 S. W. 995. It had the power and authority to overrule or modify its former decisions.

It did actually take jurisdiction of this case. During such time, if any effort had been made to execute the judgment of this court, the Supreme Court, no doubt, would have granted writ of prohibition against such action. Under these circumstances, we think the judgment of this court, while the case was pending in the Supreme Court, had not become final in that sense as to be held to come within the provisions of article 3717. Texas Co. v. Clark & Co., 112 Tex. 74, 244 S. W. 995; Continental Gin Co. v. Thorndale Merc. Co. (Tex. Com. App.) 254 S. W. 941.

[5] We think, also, that as the respondents herein, plaintiffs in the injunction suit, filed the application for writ of error out of time and strenuously insisted that the Supreme Court had jurisdiction and induced that court to take jurisdiction, they are in no position to appear in a court of equity and say that these proceedings, for the institution of which they are responsible, and which have operated to stay the execution of the judgment while they were being determined, were nullities and did not suspend the operation of the statute providing for dormancy of judgment while they were pending. Equity does not permit a party who has, by injunction, prevented the institution of a suit, to thereafter plead limitations to cover the period of time during which the injunction was in force. Davis v. Andrews (Tex. Civ. App.) 27 S. W. 1033; Id., 88 Tex. 524, 30 S. W. 432, 32 S. W. 513; Hume v. Perry (Tex. Civ. App.) 136 S. W. 594. This principle ought to be applicable here. We are of the opinion, therefore, that respondents cannot maintain the injunction suit on the ground of the dormancy of the judgment.

[6, 7] The respondents also insist, in support of their right to maintain the injunction suit, that the judgment of this court is void, because the petition on which it was rendered set out no cause of action, in that it shows that the contract made the basis of the suit was void for insufficiency of description of the land to be affected thereby. This contention as to the insufficiency of the description in the contract was decided adversely to the respondents on original trial of the case and in our decision on appeal. Long v. Martin, 234 S. W. 96 (11). It is sometimes said that a judgment without pleadings to support it is void; but such a general statement needs much explanation before it can be accepted. It is perhaps true that if the record is such as to show that the judgment was so wholly beyond the issues made by the pleading and was so plainly unauthorized under well-recognized principles of law as to constitute a usurpation of power, then it might be said to be void. 15 R. C. L. pp. 853, 854. In argument, respondents' attorneys supposed a case in which the plaintiff's petition consisted of a copy of Gray's Elegy, on which the court rendered a judgment awarding damages for personal injury. In such case there would be such manifest departure from prescribed modes of exercising the functions of judicial power that it might be said that a judgment rendered therein was not really a judicial act at all. But it is the function of a court to determine questions of law as well as of fact. A final judgment is as conclusive of questions of law litigated as it is on questions of fact. Cotton v. Rea, 106 Tex. 220, 163 S. W. 2; American Express Co. v. Mullins, 212 U. S. 311, 29 Sup. Ct. 381, 53 L. Ed. 525, 15 Ann. Cas. 536; 15 R. C. L. p. 861, § 335. It makes no difference that the question of law may appear from the face of the plaintiff's petition so that it may be raised by demurrer. "The power to decide upon the sufficiency of a cause of action, as presented by the complainant's pleading, like the power to decide any other legal proposition, though erroneously applied, is binding until corrected by some superior authority." Freeman on Judgments, § 118; Le Mesnager v. Variel, 144 Cal. 463, 77 Pac. 988, 103 Am. St. Rep. 91; Wood v. Blythe, 46 Wis. 651, 1 N. W. 341; Rowe v. Palmer, 29 Kan. 337. When the judgment of the appellate court has been rendered and becomes final, it is not open to further "question or discussion" in the trial courts, but, "though plainly erroneous" in the judgment of those courts, must be accepted as "binding and conclusive." Kendall v. Mather, 48 Tex. 585. After the close of the term at which its judgment becomes final, this court is itself without power to reconsider the case on its merits. Chambers v. Hodges, 3 Tex. 517; Burke v. Mathews, 37 Tex. 73. If the losers on appeal were permitted, after resisting the enforcement of the judgment of the appellate court in such manner as to force the other party back into such court, with an application to prohibit interference with the execution of its judgment, to come into the appellate court in response to such application, and, claiming that the whole matter was reopened thereby, seek a rehearing on the merits of the case, they would secure indirectly that which they were not entitled to by an indirect proceeding. Such a course cannot be countenanced. See Lowell v. Ball-Hutchins & Co., 58 Tex. 562, 566; Harris v. Hamilton (Tex. Civ. App.) 234 S. W. 684. We do not concede that there was error in the former judgment. We think we are bound to decline to enter upon the reexamination of that question. This statement of the Supreme Court, Judge Stayton writing the opinion, is, we think, a fitting close to this discussion:

"The administration of all human laws must necessarily be as imperfect as are the instruments through which they are administered; and that in some instances the adjudications of the courts may operate a hardship upon particular individuals, furnishes no reason why a cause once determined upon its merits should not be held conclusive between the parties thereto and their privies, in reference to all matters therein involved and determined; the

good of society and the preservation of rights and good order require that, when once the rights of parties have been determined by the ultimate tribunal provided by law for their adjudication, the same shall pass from the field of strife forever; any other rule would but fill the courts with causes which have been once determined, and render all rights of property uncertain and the most solemn judgments a mockery." Crane v. Leon & Blum, 56 Tex. 330.

[8] The power of this court to issue its writ of prohibition in such case as is here presented is well settled. Cattlemen's Trust Co. v. Willis (Tex. Civ. App.) 179 S. W. 1115; Williams v. Foster (Tex. Civ. App.) 233 S. W. 120. Questions as to the ownership of property that might be levied on under execution issued on the judgment, the sufficiency of the description of the property levied on and of the advertisement thereof, are not matters determined by the judgment of this court and may be made the subject of question in appropriate proceedings in the trial courts. Williams v. Foster, supra.

The application will be granted, and writ of this court is directed to be issued, prohibiting the respondents from instituting or further maintaining any suit the purpose of which is to attack the validity of the said judgment of this court, or to enjoin its execution in due course of law. Pending any further proceeding herein and prior to issuance of final writ on this judgment, the temporary restraining order heretofore granted will continue in effect.

### On Motion for Rehearing.

[9, 10] The proposition that the question as to the dormancy of the judgment is a proper one for litigation in the trial courts, rather than for decision on this application for writ of prohibition, is more plausible than any of the others advanced by respondents. However, under the particular facts of this case we are of the opinion that it cannot be sustained. The question of the dormancy of the judgment, as we pointed out in the original opinion, is determined by ascertaining when the judgment of this court became final; that is a matter determinable by proceedings of record in this court, of which we take judicial cognizance; and it would seem reasonable that this court, subject to review of that decision by the Supreme Court, is the most appropriate tribunal to decide such a question as to its own judgment. The district court of McLennan county has no jurisdiction to enjoin execution of the judgment of even another district court of this state, except on the ground that such judgment is a nullity; and it would have no jurisdiction to enjoin the judgment of another district court on the ground of the dormancy of such judgment. R. S. arts. 4653, 4643 (3); Landa Cotton Oil Co. v. Watkins (Tex. Civ. App.) 255 S. W. 775. Since this court is enabled to say

as a matter of law, if we are correct in our conclusion as to when the judgment of this court became final, that the dormancy of the judgment does not stand in the way of its execution, we are convinced that we have the right, and that it is our duty, to prohibit the respondents from interfering with the execution of what we conceive to be the final and valid judgment of this court.

The motion for rehearing is overruled.