**MORRIS et al. v. McGOUGH et ux.**
(No. 1187.)

(Court of Civil Appeals of Texas. El Paso. Jan. 20, 1927.)

Appeal and error ⬅1191—However much time has elapsed after final judgment by Court of Civil Appeals, mandate will issue on payment of costs (Rev. St. 1925, arts. 1864, 1865, 1775).

Under Rev. St. 1925, arts. 1864, 1865, though a year has elapsed after final judgment of Court of Civil Appeals, mandate will issue therefrom on payment of costs; the limitation in article 1775 relating only to the Supreme Court.

Error from District Court, Eastland County; E. A. Hill, Judge.

Action by T. J. Morris and another against W. C. McGough and wife. Heard on question referred to court by clerk on request for mandate made after judgment for defend-

ants had been reversed and remand ordered. Question answered.

Opinion of the court on request of counsel as set out in the opinion. There was nothing before the court but the bare request of counsel, but the opinion is considered of value for the views contained.

HIGGINS, J. In the above cause, on May 5, 1921, this court entered its judgment reversing and remanding the same. 230 S. W. 1092. No motion for rehearing, nor application for writ of error, was filed. No mandate has ever been issued; the costs not having been paid.

On January 18, 1927, the clerk of this court received a communication from counsel for plaintiffs in error inquiring if he would accept court costs in the case and issue mandate. The clerk has referred the matter to the court for decision.

Article 1559, Revised Statutes 1911, under title 31, relating to the Supreme Court, reads:

"In cases which are, by the Supreme Court, or Courts of Civil Appeals, reversed and remanded, no mandate shall be taken out of either of said courts and filed in the court wherein said cause originated, unless such mandate shall be so taken out within the period of twelve months after the rendition of final judgment of the Supreme Court, or Court of Civil Appeals, or the overruling of a motion for rehearing. And if any cause is reversed and remanded by the Supreme Court, or Court of Civil Appeals, and if the mandate is not taken out within twelve months as hereinbefore provided, then, upon the filing in the court below of a certificate of the clerk of the Supreme Court, or Court of Civil Appeals, that no mandate has been taken out, the case shall be dismissed from the docket of said lower court."

Articles 1633 and 1634, Revised Statutes 1911, under title 32, relating to Courts of Civil Appeals, read:

Article 1633: "If no writ of error be sued out, or motion for rehearing be filed, within thirty days after the conclusion or decision of the court has been entered in any Court of Civil Appeals, the clerk of the court shall, upon application of either party and the payment of all costs, issue a mandate upon said judgment."

Article 1634: "On the rendition of any final judgment or decree in the Court of Civil Appeals, the clerk of said court shall not issue and deliver the mandate of the court, nor certify the proceedings to the lower court, until all the costs accruing in the case in the Court of Civil Appeals shall have been paid, subject, however, to the provisions of the next succeeding article."

The succeeding article refers to the issuance of the mandate upon affidavit in pauper formaris.

Under the Revised Statutes of 1911, it is quite clear that the request made herein at this late date for the issuance of the man-

date upon payment of the costs should be denied. Scales v. Marshall, 96 Tex. 140, 70 S. W. 945; Watson v. Boswell (Tex. Civ. App.) 73 S. W. 985.

The 1925 codification has wrought a change in the law in so far as it relates to Courts of Civil Appeals. We quote from the 1925 revision as follows:

Article 1775, under title 37, relating to Supreme Court, reads:

"When a case is reversed and remanded, no mandate shall issue after twelve months from the rendition of final judgment of the Supreme Court, or the overruling of a moton for rehearing. When a cause is reversed and remanded by the Supreme Court, and the mandate is not taken out within twelve months as hereinbefore provided, then, upon the filing in the court below of a certificate of the clerk of the Supreme Court or Court of Civil Appeals, that no mandate has been taken out, the case shall be dismissed from the docket of said lower court."

Articles 1864 and 1865, under title 39, relating to the Courts of Civil Appeals, read:

Article 1864: "If no writ of error be sued out, or motion for rehearing be filed, within thirty days after the decision of the court has been entered in a Court of Civil Appeals, the clerk of the court shall, upon application of either party and the payment of all costs, issue a mandate upon said judgment."

Article 1865: "On the rendition of a final judgment or decree in the Court of Civil Appeals, the clerk of said court shall not issue and deliver the mandate of the court, nor certify the proceedings to the lower court, until all costs accruing in the case in such appellate court have been paid, subject, however, to the provisions of the succeeding article."

The succeeding article refers to affidavits in forma pauperis.

Article 1867 reads:

"In cases which have been reversed and remanded by a Court of Civil Appeals, if no mandate shall have been taken out and filed in the court where the cause originated within one year after the motion for a rehearing was overruled or final judgment rendered, then upon the filing in the court below of a certificate of the clerk of the Court of Civil Appeals where the cause was pending that no mandate has been taken out, the case shall be dismissed from the docket."

It will be noted that article 1775, Revised Statutes 1925, does not limit the time within which a mandate may be issued out of the Court of Civil Appeals. The limitation of time within which the mandate may issue under that article applies only to the Supreme Court. There is no statute now which limits the time within which the mandate may be issued by this court in cases where the judgment has been reversed and remanded. On the contrary, article 1864 directs the clerk of this court, upon application of either party and the payment of all costs, to issue mandate. We are therefore of the opinion that, upon the payment of all costs in the case, the clerk should issue the mandate, and he is so directed.

The right to the issuance of the mandate is the only question now presented, and the only one decided. Whether or not the case should be dismissed from the docket of the trial court, because of the failure to have the mandate taken out and filed in the court below within one year, as provided by article 1867, is not before us for decision. We make no ruling as to the effect of the failure to take out the mandate and file same in the court below within one year. We simply hold that, upon payment now of all costs and application therefor, the mandate shall issue.