## DAVY BURNT CLAY BALLAST CO. v. ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS.

### No. 10715.

Court of Civil Appeals of Texas. Dallas.

Sept. 27, 1930.

Rehearing Denied Oct. 25, 1930.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellant.

Ben F. Vaughan, Jr., Thompson, Knight, Baker &. Harris, all of Dallas, for appellee.

JONES, C. J.

This is an appeal from a final judgment of dismissal in the trial court. The following is a sufficient statement to understand the issues involved:

The suit was instituted by appellant, Davy Burnt Clay Ballast Company, against appellee, St. Louis Southwestern Railway Company of Texas, because of an alleged breach of contract. On a trial in the lower court a judgment was entered in favor of appellant, and appellee duly prosecuted its appeal to this court. A final judgment (288 S. W. 855), was entered in this court November 6, 1926, reversing and remanding the case to the lower court, no motion for rehearing having been filed. On December 3, 1927, more than twelve months after the rendition of the final judgment in this court, appellant filed a motion for the issuance of a mandate. On December 7, 1927, appellee made a written request to the clerk of this court for the certificate of facts provided for in article 1867, R. C. S., and also filed a written answer to appellant's request for mandate and protested its issuance. On December 9, 1927, appellant paid into this court the costs of the former appeal, to comply with the provisions of article 1864, R. C. S., which allows the issuance of a mandate only on condition that the costs have been paid.

It was made to appear by appellant, at the hearing in this court of the respective motions of the parties, that appellant's attorney, who resided at Wichita Falls, had mailed a written request to the clerk of this court for the issuance of the mandate and inclosed therein his personal check for the amount of the costs, approximately eleven months after the final judgment in this cause. It further appeared at this hearing that the clerk never received the letter from the attorney containing the request and check, and that, until December 7, 1927, the clerk of this court had neither received nor been tendered the amount of the costs of the appeal. Construing the present statutes in reference to this matter as placing no limitation of time as to when the Court of Civil Appeals may issue such mandate, this court granted appellant's motion for issuance of a mandate. This court also directed the clerk to issue the certificate requested by appellee, reciting in effect that no mandate had been taken out in this court within twelve months from date of entry of the final judgment.

Both the mandate and the certificate were filed in the lower court. Under such status of the case, appellee moved to dismiss the suit because no mandate was issued until after the expiration of twelve months from date of entry of final judgment in this court. The trial court granted the motion and entered the judgment of dismissal.

By appropriate assignments of error properly presented to this court, appellant challenges the correctness of the action of the court in dismissing its cause of action. These assignments of error present the single question that appellant was entitled to the mandate when it was issued, and, being legally en-

titled thereto, the trial court could not dismiss its cause of action because the mandate was not issued within twelve months. The issue thus raised must be determined from a construction of the statutes controlling the issuance of a mandate out of the Courts of Civil Appeals. Such statutes as are pertinent to the inquiry are as follows:

"Art. 1864. If no writ of error be sued out, or motion for rehearing be filed, within thirty days after the decision of the court has been entered in a Court of Civil Appeals, the clerk of the court shall, upon application of either party and the payment of all costs, issue a mandate upon said judgment."

"Art. 1867. In cases which have been reversed and remanded by a court of civil appeals, if no mandate shall have been taken out and filed in the court where the cause originated within one year after the motion for a rehearing was overruled or final judgment rendered, then upon the filing in the court below of a certificate of the clerk of the Court of Civil Appeals where the cause was pending that no mandate has been taken out, the case shall be dismissed from the docket."

These statutes are placed in chapter 5, title 39, R. C. S. 1925, the style of title 39 being "Courts of Civil Appeals." The style of title 37, R. C. S. 1925, is "Supreme Court." Articles 1773 and 1775, chapter 6, title 37, are as follows:

"Art. 1773. Upon the rendition of final judgment, the clerk upon payment of costs, shall issue the mandate in the case. The clerk of the Supreme Court shall not deliver a mandate until all costs of said court and of the Court of Civil Appeals shall have been paid, except as further herein provided. Mandates shall issue to the court in which the original judgment was rendered."

"Art. 1775. When a case is reversed and remanded, no mandate shall issue after twelve months from the rendition of final judgment of the Supreme Court, or the overruling of a motion for rehearing. When a cause is reversed and remanded by the Supreme Court, and the mandate is not taken out within twelve months as hereinbefore provided, then, upon the filing in the court below of a certificate of the clerk of the Supreme Court or Court of Civil Appeals, that no mandate had been taken out, the case shall be dismissed from the docket of said lower court."

Previous to the 1925 codification of the statutes, article 1775, governing the issuance of mandates in the Supreme Court, and article 1867, governing the issuance of mandates in Courts of Civil Appeals, were embraced in article 1559, Vernon's Sayles' Stats. 1914. This statute appeared only in chapter 9, title 31, of such statutes, styled "Supreme Court," and did not appear in title 32, styled "Courts of Civil Appeals." Said article 1559 reads as follows:

"Art. 1559. In cases which are, by the supreme court, or courts of civil appeals, reversed and remanded, no mandate shall be taken out of either of said courts and filed in the court wherein said cause originated, unless such mandate shall be so taken out within the period of twelve months after the rendition of final judgment of the supreme court, or court of civil appeals, or the overruling of a motion for rehearing. And if any cause is reversed and remanded by the supreme court, or court of civil appeals, and if the mandate is not taken out within twelve months as hereinbefore provided, then, upon the filing in the court below of a certificate of the clerk of the supreme court, or court of civil appeals, that no mandate has been taken out, the case shall be dismissed from the docket of said lower court."

The provisions of this statute applied both to the Supreme Court and to the Courts of Civil Appeals and prohibited the issuance of a mandate by either court after the expiration of twelve months from the date of the entry of a final judgment, which reversed and remanded a cause in either court. The effect of the 1925 codification of our statutes is to repeal this article and to enact in lieu thereof articles 1775 and 1867, supra. The former article applies alone to the Supreme Court and contains substantially the same provisions, in reference to the time in which a mandate of that court may issue, as were contained in the repealed statute; the latter article applies to Courts of Civil Appeals and trial courts and contains no express provision limiting the time within which a mandate may issue out of the Courts of Civil Appeals, but it does contain a provision providing that, if no mandate has issued within twelve months from the rendition of a final judgment in the Courts of Civil Appeals, the cause may be dismissed.

It appears, therefore, from these statutes, that the Supreme Court and Courts of Civil Appeals are controlled by different statutes in the matter of issuing a mandate on a final judgment reversing and remanding a cause. The Supreme Court cannot issue a mandate after the expiration of twelve months, but no express limitation of time is placed on the Courts of Civil Appeals within which a mandate may be issued on the rendition of such a judgment. In reference to the Supreme Court, the legislative command is plain and unmistakable. We believe also that the legislative command to the Courts of Civil Appeals is just as clear and definite. Article 1864 commands the issuance of a mandate by the Court of Civil Appeals on the payment of costs without any time limitation as to when the costs may be paid and the mandate issued. Article 1867 commands the trial court to dismiss a cause from its docket

that has been reversed and remanded by a Court of Civil Appeals, if a certificate from the clerk of said court shows that no mandate was issued within the period of twelve months.

 We therefore hold that, under the law as it now exists, it is the duty of a Court of Civil Appeals, where a cause has been reversed and remanded, to issue a mandate at any time the applicant for such mandate complies with the provisions of articles 1864 or 1866. Morris v. McGough (Tex. Civ. App.) 290 S. W. 209. We likewise hold it to be the duty of the trial court to dismiss the cause of action, provided there is filed in such court the certificate of the clerk of the Court of Civil Appeals, certifying that no mandate was issued within twelve months from the date of the final judgment reversing and remanding the cause, regardless of whether a mandate has issued from the Court of Civil Appeals after the expiration of the twelve months' period. The statutes governing the issuance of a mandate from either the Supreme Court or the Court of Civil Appeals are mandatory. Scales v. Marshall, 96 Tex. 140, 70 S. W. 945; Watson v. Boswell (Tex. Civ. App.) 73 S. W. 985; Watson v. Mirike (Tex. Civ. App.) 73 S. W. 986.

The issuance of a mandate by a Court of Civil Appeals after the expiration of twelve months cannot be considered a "vain and useless Act," as argued by appellant, for the reason that, if the opposing party does not secure the certificate of the clerk, as provided for in article 1867, and file same with the trial court, the case will not be dismissed by the trial court. The statutes governing the time within which a mandate may issue, and thereby render certain an opportunity for an early trial of 'the cause, and thus prevent either side in the litigation from causing an unusual delay by waiting an unreasonable time to secure the mandate of the higher court, are enacted for the benefit of the parties to a suit. The effect of article 1867 is to modify the statutory rule that had formerly existed in respect to causes reversed and remanded by Courts of Civil Appeals to the extent that if the opposing side does not object to the delay occasioned by a tardiness in having a mandate issued, the cause may be retried.

We therefore hold that in the instant case the trial court did not err in granting the motion to dismiss, and the judgment entered thereon should be affirmed.

Affirmed.