# RITTENBERRY v. CAPITOL HOTEL CO. et al.

## No. 4169.

Court of Civil Appeals of Texas. Amarillo.
Feb. 26, 1934.

Rehearing Denied March 19, 1934.

See, also, 41 S.W.(2d) 697.

Monning & Akin, of Amarillo, for appellant.

George S. McCarthy, of Amarillo, for appellees.

MARTIN, Justice.

In 1930 appellant filed suit and secured a judgment against appellees which, upon appeal to this court, was reversed. Appellant made application to the Supreme Court for a writ of error, which was dismissed for want of jurisdiction, and motion for rehearing overruled on April 21, 1932. On February 23, 1933, appellant filed affidavit in proper form under article 1866, R. S., of his inability to pay costs or give security therefor and for an order from this court requiring the clerk to issue a mandate without payment of costs. The attorneys for appellees thereupon, without filing any contest, requested time to investigate and take testimony, which was granted by this court. The evidence produced fully sustained appellant, and on March 22, 1933, this court entered the following order: "This day came on to be heard the motion by appellee for issuance of mandate without payment of costs and the same having been duly considered by the Court, is hereby granted and it is accordingly ordered that the Clerk of this Court issue the mandate herein."

In obedience to this order, the clerk of this court issued a mandate to the trial court on April 22, 1933. Motion was made by appellees in the trial court to dismiss appellant's cause of action because, under and by virtue of the terms of article 1867, R. S., more than one year had elapsed from the date of the final judgment until the issuance of such mandate. This motion was sustained, and appellant's cause of action dismissed from the docket of the 108th district court of Potter county, from which appellant has appealed, and assigns as his only error the action of the court in so dismissing his cause.

Some of the testimony introduced in the court below on the hearing of this motion was that appellant's attorneys, having discovered on April 19th that the mandate had not reached the court, visited the office of the clerk of the Court of Civil Appeals and inquired the reason for the delay, and was told that it was by virtue of the terms of article 1864, R. S., which gives thirty days after the decision of a court for the issuance of a mandate. Other material facts will appear in the opinion.

The four articles of R. S. 1925 which it is believed control the questions presented are:

"Art. 1864. If no writ of error be sued out, or motion for rehearing be filed, within thirty days after the decision of the court has been entered in a Court of Civil Appeals, the clerk of the court shall, upon application of either party and the payment of all costs, issue a mandate upon said judgment.

"Art. 1865. On the rendition of a final judgment or decree in the Court of Civil Appeals, the clerk of said court shall not issue and deliver the mandate of the court, nor certify the proceedings to the lower court, until all costs accruing in the case in such appellate court have been paid, subject, however, to the provisions of the succeeding article.

492

"Art. 1866. If the party against whom the costs are adjudged shall make affidavit of his inability to pay the same or give security therefor, he may apply to the Court of Civil Appeals in which the case is pending for an order to require the clerk to issue the mandate or to certify the proceedings, as the case may be; which motion shall be granted by said court, unless the clerk or a party to the record shall controvert the truth of such affidavit and satisfy the court that such motion should not be granted.

"Art. 1867. In cases which have been reversed and remanded by a Court of Civil Appeals, if no mandate shall have been taken out and filed in the court where the cause originated within one year after the motion for a rehearing was overruled or final judgment rendered, then upon the filing in the court below of a certificate of the clerk of the Court of Civil Appeals where the cause was pending that no mandate has been taken out, the case shall be dismissed from the docket."

In this case a final judgment was entered on April 21, 1932, which is the date of the order of the Supreme Court overruling a motion for rehearing, Dignowity et al. v. Court of Civil Appeals for Fourth Judicial Dist., 110 Tex. 613, 210 S. W. 505, 223 S. W. 165, and this though such order was one dismissing for want of jurisdiction, Texas Co. v. Chas. Clark & Co., 112 Tex. 74, 244 S. W. 995. It is claimed that, since the one year mentioned in article 1867 had elapsed before the issuance of the mandate herein, the trial court correctly dismissed appellant's suit, and the case of Davy Burnt Clay Ballast Co. v. St. Louis S. W. Ry. Co. (Tex. Civ. App.) 32 S.W. (2d) 209, is cited to sustain such action.

We are not able to agree to the correctness of this contention. The authority for the issuance of a mandate under articles 1864 and 1865, supra, rests upon entirely different grounds from that of article 1866. In the first two of these the condition precedent is the application for a mandate and the payment of costs; in the last it is the affidavit of inability to pay costs or give security therefor, addressed to the court whose duty it is to judicially determine the applicant's rights and refuse or grant his request. The one has to do only with acts of a litigant and a ministerial act of the clerk; the other with a judgment of the court itself. Under one of these the delay is that of the litigant; under the other this may not be so at all. The one is controllable by a party to the suit; the other not necessarily so. The act of the clerk in the one instance is in response to the requests and acts of a private individual, but in the other he acts under the orders of, and as an arm of, the court. Article 1867, supra, requires the presentation of a certificate from the clerk "where the cause was pending that no mandate has been taken out," etc., in support of a motion to dismiss in the trial court. Here a certificate was presented reciting substantially all the facts above, and concluding: "That in accordance with the provisions of article 1864, R. S., no mandate was issued from said Court of Civil Appeals to the trial court in said cause, until April 22, 1933." This certificate in connection with evidence produced on the trial shows, we think, conclusively that the delay in issuing the mandate was not traceable to any act of appellant, but instead was the fault of this court, if any there was; that any error was the error of this court and its officers; that the entire situation was beyond the control of appellant; and that what followed the application for the issuance of a mandate was done by and in obedience to the orders of this court. Instead of presenting a certificate as required that no mandate had been issued, that presented amounted to one that a mandate had been issued as a result of a judgment of this court, and under its direction and the action of the trial court amounted therefore in effect to an order reviewing and setting aside such judgment and order of issuance. Whether right or wrong, error or otherwise, this court's judgments are not reviewable by a trial court. Moreover, we have not and could not be granted the authority to take from any litigant his property by arbitrarily delaying a disposition of litigation until limitation has deprived him of all right to assert a claim to it. To hold that appellant has lost his claim to litigate his property rights in the present controversy, not through any fault of his, but because a clerk acting presumably under the court's orders has delayed the issuance of a mandate beyond the time fixed by statute, is to arm this court with the power of a despot over the property rights of citizens. The conclusion we reach is supported by the disposition made and the reasoning used in the Dignowity Cases. See Dignowity et al. v. Court of Civil Appeals for Fourth Judicial Dist., 110 Tex. 613, 210 S. W. 505, 223 S. W. 165. The case relied on by appellees above mentioned arose under the first of the articles quoted, and is distinguishable in its facts from the instant case.

Many contentions are advanced for a reversal by appellant in his brief, but the above

furnish, we think, sound and compelling reasons for such action, and other propositions will not be discussed.

The judgment of the trial court will be reversed and appellant's cause of action ordered reinstated on the trial docket of the 108th district court of Potter county.