## WILSON v. ASSOCIATED INDEMNITY CORPORATION.

### No. 7441.

Circuit Court of Appeals, Fifth Circuit.

Jan. 12, 1935.

Rehearing Denied Feb. 28, 1935.

Wm. V. Brown, of Texarkana, Tex., for appellant.

T. R. Boone, of Wichita Falls, Tex., for appellee.

•Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This is a suit arising under the Workmen's Compensation Law of Texas, articles 8306 to 8309, inclusive, Rev. Civ. Stat. 1925, the pertinent provisions of which are set out in full in the margin.[1]  Appellant, Alberta

---

[1] Article 8307, § 5.  All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the board.  Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall within twenty days after the rendition of said final ruling and decision by said board give notice to the adverse party and to the board that he will not abide by said final ruling and decision.  And he shall within twenty days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision and said board shall proceed no further toward the adjustment of such claim, other than as hereinafter provided.  Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this law and the suit of the injured employee or person suing on account of the death of such employee shall be against the association if the employer of such injured or deceased employee at the time of such injury or death was a subscriber as defined in this law.  If the final order of the board is

Wilson, on her own behalf and as next friend of her minor son, John Wilson, brought suit in the District Court of Bowie county, Tex., against appellee, Associated Indemnity Corporation, to mature and enforce an award of the Industrial Accident Board, which gave them a recovery of $7.79 a week for a period of 360 weeks, based on the death of John Wilson, the husband and father, while an employee of the Wichita Falls Cotton Oil Company, and prayed for lump sum judgment of $2,804.40, together with statutory penalties of 12 per cent. and reasonable attorney's fees. Appellee timely removed the suit to the federal District Court for the Eastern District of Texas. The parties will be hereafter referred to, respectively, as claimants and insurer. After removal, the insurer filed a plea in abatement and a plea in bar, with practically identical allegations, and an answer in the nature of a general denial. Claimants filed demurrers and replications to the pleas. The jury was waived and the case was submitted on an agreed statement of facts. The District Court entered judgment against claimants and in favor of the insurer. From that judgment this appeal is prosecuted.

The following material facts appear from the record. The award was made on February 21, 1930. The injury occurred in Clay county. In conformity with the statute, the insurer filed suit in the District Court of Clay county to set aside the award. Claimants filed answer and a cross-action to enforce the award. Trial was had to a jury, and a verdict resulted on which judgment was entered for claimants on June 13, 1930. The insurer appealed to the Court of Civil Appeals for the Second Judicial District, sitting at Fort Worth. 41 S.W. (2d) 143. On May 16, 1931, that court reversed the judgment on the sole ground that the trial judge had refused to give a special instruction requested by the insurer. After reversal nothing further was done in the case by either party for more than twelve months and the mandate was never issued. This suit was filed in the District Court of Bowie county on July 18, 1932, more than a year after the judgment of the Court of Appeals became final. The claimants are residents of Bowie county. After the suit was filed in Bowie county, on July 29, 1932, the claimants obtained a certificate from the clerk of the Court of Appeals, under the

against the association, then the association and not the employer shall bring suit to set aside said final ruling and decision of the board, if it so desires, and the court shall in either event determine the issues in such cause instead of the board upon trial de novo and the burden of proof shall be upon the party claiming compensation. In case of recovery the same shall not exceed the maximum compensation allowed under the provisions of this law. If any party to any such final ruling and decision of the board, after having given notice as above provided, fails within said twenty days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto, and, if the same is against the association, it shall at once comply with such final ruling and decision, and failing to do so the board shall certify that fact to the Commissioner of Insurance and such certificate shall be sufficient cause to justify said Commissioner to revoke or forfeit the license or permit of such association to do business in Texas.

Section 5a. In all cases where the board shall make a final order, ruling or decision as provided in the preceding section and against the association, and the association shall fail and refuse to obey or comply with the same and shall fail or refuse to bring suit to set the same aside as in said section is provided, then

in that event, the claimant in addition to the rights and remedies given him and the board in said section may bring suit where the injury occurred, upon said order, ruling or decision. If he secures a judgment sustaining such order, ruling or decision in whole or in part, he shall also be entitled to recover the further sum of twelve per cent as damages upon the amount of compensation so recovered in said judgment, together with a reasonable attorney's fee for the prosecution and collection of such claim.

Where the board has made an award against an association requiring the payment to an injured employee or his beneficiaries of any weekly or monthly payments, under the terms of this law, and such association should thereafter fail or refuse, without justifiable cause, to continue to make said payments promptly as they mature, then the said injured employee or his beneficiaries, in case of his death, shall have the right to mature the entire claim and to institute suit thereon to collect the full amount thereof, together with twelve per cent penalties and attorney's fees, as herein provided for. Suit may be brought under the provisions of this section, either in the county where the accident occurred, or in any county where the claimants reside, or where one or more of such claimants may have his place of residence at the time of the institution of the suit.

provisions of article 1867, Texas Rev. Civ. Stat. 1925, showing that no mandate had been taken out, and filed it with the clerk of the District Court of Clay county, on August 3, 1932, with a motion to dismiss the suit. On August 11, 1932, an order of dismissal was entered. This suit was removed to the federal court on September 22, 1932.

The decree is in the form of a judgment on the merits, and the record is silent as to the reasons for its rendition, but we must assume the District Court sustained the contention of the insurer that the suit could not have been properly brought in any court other than the District Court of Clay county.

█ Under the provisions of article 1867, Rev. Civ. Stat. of Texas, 1925, where a case has been reversed and remanded by a Court of Civil Appeals, if no mandate has been taken out and filed in the court where the cause originated within one year after final judgment rendered, upon the filing in the lower court of a certificate of the clerk of the Court of Civil Appeals to that effect, the case must be dismissed by the District Court. In Gilmore v. Ladell (Tex. Civ. App.) 196 S. W. 362, it was held that where the judgment of the appellate court did not adjudge the rights of either party to the suit but merely reversed it for a new trial, the effect of dismissal for failure to take out the mandate was the same as if no suit had been instituted. In Morris v. McGough (Tex. Civ. App.) 290 S. W. 209, it was held the mandate might issue after twelve months but the court refrained from deciding what the effect would be. In Davy Burnt Clay Ballast Co. v. St. Louis S. W. R. Co. (Tex. Civ. App.) 32 S.W.(2d) 209, it was held that although a mandate had issued after twelve months, nevertheless the other party had the right to have the suit dismissed on procuring the necessary certificate. The reversal of the judgment of the lower court did not settle the rights of either party. While either party could have taken out the mandate, it was as much the duty of the insurer to timely do so as it was that of the claimants. We consider the failure of the insurer to take out the mandate amounted to a want of prosecution of the suit to set aside the award of the Industrial Accident Board and the resulting dismissal did away with the suit as though it had never been filed.

█ Section 5 of article 8307 provides that any party in interest not willing to abide by the decision of the Industrial Accident Board, after giving notice to that effect, may file a suit in a court of competent jurisdiction, in the county where the injury occurred, to set it aside. While the article provides that in such suit the trial is de novo, and the burden is on the claimant to establish his right to compensation, the party appealing from the award is in law the plaintiff in the suit and responsible for its effective prosecution. Until a judgment is entered in the suit, taking the place of the award of the board, the award stands, suspended and not effective while the suit to set it aside proceeds, but subject to be made effective upon the dismissal or abandonment of the suit to set it aside. During the pendency of a suit to set aside the award no other action can be filed to enforce it, jurisdiction is withdrawn from the board, and a final judgment does away with the award. But nothing short of final judgment will do this. The abandonment or dismissal of the suit to set aside the award reinstates the award and another suit may be brought to mature and enforce it.

█ Under the provisions of the first paragraph of section 5a of article 8307, if no appeal has been taken, the claimant may file a suit in a court of competent jurisdiction in the county where the injury occurred to mature the award. He may also sue for penalties of 12 per cent. and reasonable attorney's fees. Under the second paragraph of the article, if the insurer fails or refuses "without justifiable cause" to make payments as they mature the claimant has the right to mature the entire claim and institute a suit to collect the full amount, with penalties of 12 per cent. and attorney's fees. The suit may be brought either in the county where the injury occurred or in the county where one or more of the claimants reside. In Vestal v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 285 S. W. 1041, a decision by the Commission of Appeals, it was held that in suits under this section the trial is not de novo, the burden is not on the claimant to establish his right to compensation, and the award is final. We have also so held. Maryland Casualty Co. v. Latham (C. C. A.) 41 F.(2d) 312; Western Casualty Co. v. Hunt (C. C. A.) 69 F.(2d) 129.

In support of the contention that only the District Court of Clay county had jurisdiction, the insurer relies upon the case of Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, a decision by the Supreme Court of Texas. In that case it appeared that the claimant had filed suit to enforce the award

in the District Court of Tarrant county. The injury had occurred in Wichita county, where a suit had been filed by the insurer to set aside the award but it had been practically abandoned and was dismissed after the suit was filed in Tarrant county. The case was decided purely upon a question of pleading. The petition failed to allege the residence of the claimants, and did not allege the facts as to the appeal and its dismissal. It was held that the provisions of section 5a as to the place of suit were jurisdictional and mandatory, and as the petition did not allege that no appeal had been taken nor that the claimants or one of them resided in Tarrant county, the District Court of Tarrant county was without jurisdiction. The court did not discuss the effect of the dismissal of the Wichita county suit at all, and from the language of the opinion it may be inferred, although it is not quite clear, that the court considered that although no appeal is taken from an award of the board, a suit to mature and enforce it may be brought in the county in which the claimant resides, if the insurer fails or refuses to comply with it without justifiable cause. The pleadings in the suit at bar sufficiently allege the material facts. We do not consider that the decision goes to the extent of holding that on a state of facts similar to that shown in this case the District Court of the county in which the claimants resided would be without jurisdiction.

■ It is a general rule that Workmen's Compensation Laws are to be liberally construed in favor of the person seeking compensation, and this is the rule in Texas. Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402. The Industrial Accident Board has no power to enforce its decrees. If the insurer does not pay voluntarily a suit must be brought by the claimant in order to collect on the award. It would be impracticable to so draft a statute as to specifically provide for every possible contingency that might arise. It is reasonable to consider that the second paragraph of section 5a was adopted to cover those unusual cases not coming within the terms of section 5 or the first paragraph of section 5a. This suit does not fall within the terms of either of those paragraphs, as it is not a suit to set aside the award and an appeal had been taken, but it comes squarely within the terms of the second paragraph of section 5a.

In Maryland Casualty Co. v. Latham (C. C. A.) 41 F.(2d) 312, it appears that a suit had been instituted by the claimant in the county where the injury had occurred to set aside the award. The claimant then voluntarily dismissed the suit and brought another suit in the same county to enforce the award, with penalties of 12 per cent. and attorney's fees. We held that the award was final and only suspended by the action in the state court, and the suit to set aside the award having been dismissed, the claimant was entitled to recover. The principle announced in that case governs in this case on its undisputed facts. We are not aware of any controlling decision of the Texas courts to the contrary.

■ There remains to be considered whether the plea in abatement should have been sustained because of the pendency of the suit to set aside the award when this case was filed. The jurisprudence of Texas on the subject is in conflict. The authorities were extensively reviewed in the case of Long v. Long (Tex. Civ. App.) 269 S. W. 207, and the conclusion was reached that the weight of authority in Texas sustains the common-law doctrine that the second suit abates. The plea would have been good in the state court had the first suit remained pending. Ocean Accident & Guaranty Corporation v. May et al. (Tex. Com. App.) 15 S.W.(2d) 594. However, it seems to be settled that if the first suit, pending when the second suit is filed, is dismissed before the plea in abatement is filed or acted upon, the plea will not lie. It was so held in Payne v. Benham, 16 Tex. 364; Trawick v. Martin Brown Co., 74 Tex. 522, 12 S. W. 216; McNeil v. Masterson, 79 Tex. 670, 15 S. W. 673; Texas & Pacific R. Co. v. Kenna (Tex. Civ. App.) 52 S. W. 555.

■ Since the plea was not filed in this case until after removal, before which the first suit had been dismissed, we consider that the plea in abatement was not available to the insured. In passing, we may also refer to the federal rule which is that a suit between the same parties on the same cause of action pending in a state court will not support a plea in abatement to a suit in a federal court. Central Iron & Coal Co. v. Massey (C. C. A.) 268 F. 300.

On the whole case we conclude that the District Court of Bowie county had jurisdiction of the case; that the award of the Industrial Accident Board is final and enforceable. On the authority of Maryland Casualty Co. v. Latham, supra, there was nothing for the District Court to do but

overrule the pleas and enter judgment for claimants on the award.

We express no opinion as to whether in the circumstances shown claimants are entitled to recover penalties of 12 per cent. and attorney's fees. That question is left for decision by the District Court. Cf. Western Casualty Co. v. Hunt (C. C. A.) 69 F.(2d) 129.

Reversed and remanded.