### JOHN F. GRANT LUMBER CO. v. BELL et ux.

### No. 9829.

Court of Civil Appeals of Texas. San Antonio.

March 25, 1936.

Rehearing Denied Aug. 19, 1936.

Robt. M. Lyles, of Houston, for appellant.

Jones & Jones, of Del Rio, for appellees.

SMITH, Chief Justice.

This suit was brought by John F. Grant Lumber Company, appellant herein, against Fate Bell and his wife, Mrs. E. P. Bell, to recover upon a promissory note, executed by Fate Bell, and payable to John F. Grant, individually, for $2,800, and to establish and foreclose an alleged constitutional materialmen's lien upon certain land situated in Terrell county. Trial before the court without a jury resulted in a verdict in favor of the lumber company, and against Fate Bell, for the amount of the note, and denying foreclosure of the alleged lien. The lumber company has appealed.

The appeal rests entirely upon the action of the trial court in sustaining certain special demurrers to allegations in appellant's amended petition declaring upon the claimed constitutional lien. As no attack is made upon the judgment under the evidence, that judgment must be affirmed, unless the rulings upon the demurrers require reversal, regardless of the sufficiency of the evidence to support the judgment rendered thereon.

We conclude that the allegations by which appellant undertook to show the materialmen's lien were insufficient in the face of the demurrers urged by appellee. It has frequently been held, and with good reason, that one who seeks to foreclose a materialmen's lien must so plead his case as to bring it strictly within the terms of the law authorizing such lien or the establishment thereof. 29 Tex.Jur. p. 611, § 123, and authorities cited. Here the allegations are, simply, that appellant was engaged in the business of selling and retailing lumber and fencing material, and was a "materialman" within the purview of section 37, art. 16, of the State Constitution, and that upon the date named, appellee Fate Bell purchased from appellant building material to be used, and which was used, in the construction of a building, improvements, and fence upon fourteen sections of land, each particularly described, aggregating 5,128.34 acres, known as the "Rock Pens" ranch, in Terrell county; "all of said improvements were used in connection with the use and enjoyment of the land and premises above described."

"That by reason thereof, under the provision of section 37, article 16, of the Constitution of Texas, a constitutional lien

was thereby created and came into existence in favor of the said John F. Grant and his assigns to secure the payment of the amount due for such lumber, fencing and building material so employed and used in the construction of the building, fences, and improvements so constructed and erected upon the land hereinbefore described, and upon all of such improvements, which plaintiff alleges can be removed without injury to said land."

Appellees excepted to this pleading upon the ground, among others, that it was too general, and contained only conclusions of the pleader, without the statement of any facts to sustain the same, and did not contain any description of the particular land sought to be impressed with the alleged lien. We conclude the trial judge properly sustained the exceptions.

The judgment is affirmed.