## HUNTRESS v. STATE.

### No. 9855.

Court of Civil Appeals of Texas. San Antonio.

June 10, 1936.

Forrest Bennett, Leroy G. Denman, D. A. McAskill, Tom J. Newton, and Van Henry Archer, all of San Antonio, for appellant.

John R. Shook, Paul J. Kilday, L. J. Gittinger, and Leroy Jeffers, all of San Antonio, for the State.

SMITH, Chief Justice.

The judgment was affirmed in this cause by this court and appellant seasonably filed motion for rehearing herein, which motion was overruled. 88 S.W.(2d) 636. In due course appellant made application to the Supreme Court for writ of error, which application was dismissed for want of jurisdiction by said court on January 22, 1936, [1] and appellant's motion for rehearing thereon was overruled by said court on January 29, 1936. The mandate of the Supreme Court, together with the record, was returned and filed in this court on or about January 30, 1936, and thereafter, on February 1, 1936, on payment of the costs of appeal by a stranger to the record, the clerk of this court issued the mandate of this court for observance by the court below. On March 5, 1936, in the ordinary course, the clerk of this court issued execution to require appellant to pay said costs of appeal, and delivered same to the constable of precinct No. 1, of Bexar county, for execution as required by law.

Appellant has filed a motion in this court praying that said execution be recalled and not enforced, contending, in substance, (1) that mandate should not have issued from this court until thirty days after the judgment of the Supreme Court became final; and (2) that the costs of appeal having once been paid, albeit by a stranger to the proceeding, the clerk was powerless to issue execution for said costs.

We overrule the first contention, but sustain the second.

It is provided in article 1864, R.S.1925, that "If no writ of error be sued out, or motion for rehearing be filed, within thirty days after the decision of the court has been entered in a Court of Civil Appeals, the clerk of the court shall, upon application of either party and the payment of all costs, issue a mandate upon said judgment."

---

[1] No opinion filed.

It will be readily observed that the implied prohibition against issuance of mandate until after the lapse of thirty days is operative only in cases in which neither party files motion for rehearing or application for writ of error. The obvious purpose of the statute is to prevent issuance of mandate until judgment becomes final by waiver or exhaustion of the right of appeal.

In this case appellant filed motion for rehearing and application for writ of error, whereby the jurisdiction of the Supreme Court was invoked. When that court dismissed the application, and overruled the motion for rehearing thereon, appellant's remedy of appeal was exhausted, and the judgment was made as completely final as if no such motion and application had ever been made. We hold that in such case, when the mandate of the Supreme Court was returned into this court, it became the duty of the clerk of this court to issue the mandate of this court at any time, upon payment of the costs of appeal. That was properly done in this case.

It is provided in article 1869, R.S. 1925, as follows: "If neither party shall pay the costs and take out the mandate within thirty days after the time when the same can be issued by law, then the clerk shall issue execution for the costs accruing in his court against the party or parties against whom such costs have been adjudged, and shall send such execution by mail to the proper officer for collection; but he shall retain the mandate until the costs have been paid or collected, subject, however, to the provisions of" article 1866, providing for pauper's affidavit.

The provision is, simply, that if neither party pays the costs of appeal within thirty days after the judgment of this court becomes final, either by failure of either party to file motion for rehearing or application for writ of error, or after resort to and exhaustion of that procedure, the clerk of this court shall issue execution, etc.

In this case it appears that a stranger to the litigation paid the costs of appeal promptly upon the return of the mandate of the Supreme Court to this court, and the clerk thereupon issued the mandate of this court. When the costs were thus tendered to the clerk of this court, it was his duty to receive them regardless of and without considering or inquiring into the source of the tender and payment (International & G. N. Ry. v. Turner (Tex.Civ.App.) 31 S.W. 518; Austin & N. W. Ry. v. McElmurry (Tex.Civ.App.) 34 S.W. 982); and the presumption at once arose that the costs were so paid for the benefit of the party liable therefor, which, in this case, was appellant.

If, as it now transpires, the costs were paid by a stranger to the record the latter's remedy, if any, lies in a direct action against the party liable for the costs, and not in execution from this court. The processes of this court designed to enforce the collection of costs are open only to parties of record or those in privity with them. They are not open to strangers who, as in this case, voluntarily and upon their own motion pay such costs.

Appellant's motion is granted, and the clerk of this court is directed to recall the execution for costs, which had been inadvertently issued.