**JOHN F. GRANT LUMBER COMPANY,**
Appellant,

v.

**Fate BELL, Appellee.**

No. 3309.

Court of Civil Appeals of Texas.

Eastland.

May 24, 1957.

Rehearing Denied June 7, 1957.

Benton Burford, Del Rio, Fullbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellant.

George M. Thurmond, Brian Montague, Del Rio, for appellee.

GRISSOM, Chief Justice.

A judgment was rendered for John F. Grant Lumber Company, hereafter called Grant, against Fate Bell for $2,490.27 but the court refused to fix a lien against Bell's property. Grant appealed. On March 25, 1936, that judgment was affirmed by the Court of Civil Appeals. See John F. Grant Lumber Co. v. Bell, 96 S.W.2d 666. On October 7, 1936, the Supreme Court dismissed Grant's petition for writ of error and on October 28, overruled his motion for rehearing. On November 3, 1936, the Supreme Court certified said orders and returned the record and they were filed in the Court of Civil Appeals. On December 15, 1936, an execution for costs was issued by the Court of Civil Appeals and Grant paid same on December 18, 1936. On February 1, 1937, the mandate of the Court of Civil Appeals was issued and delivered to the Clerk of the District Court. On January 30, 1947, more than ten years after the Supreme Court overruled Grant's motion for rehearing of his application for writ of error and certified and returned the case to the Court of Civil Appeals and more than ten years after Grant could have procured a mandate from the Court of Civil Appeals and an execution from the District Court, the first writ of execution was issued on said judgment. Bell instituted this suit to enjoin the levy of said writ and to remove the cloud cast on his title to real estate. The foregoing facts being agreed to, both parties filed a motion for summary

judgment. Bell's motion was sustained and Grant's overruled. Grant has appealed.

Article 3773, Vernon's Ann.Civ.St., provides that if no execution is issued within ten years after "rendition" of a judgment it shall become dormant and "no execution shall issue thereon unless such judgment be revived". Article 5532 provides that if no execution is issued within twelve months after "rendition" of a judgment it may be revived by scire facias or an action of debt "brought thereon within ten years after date of such judgment, and not after."

Grant contends that since the mandate was not issued by the Court of Civil Appeals until February 1, 1937, and he could not have obtained a writ of execution from the District Court until it received the mandate, the ten year period did not begin to run until the mandate was received by the trial court, and since he caused execution to issue on January 30, 1947, less than ten years after the mandate was filed in the trial court, execution was issued within ten years after "rendition" and "date" of the judgment, within the meaning of said statutes, and his judgment was enforceable. Bell says that if the judgment did not become final on October 28, 1936, when the Supreme Court overruled Grant's motion for a rehearing of his petition of writ of error, it became final on November 3, 1936, when the Supreme Court certified its dismissal of the application for writ of error and the cause was returned to and filed in the Court of Civil Appeals. If either the overruling of the motion for rehearing or certification and return of the case to the Court of Civil Appeals constitutes "rendition" or "date" of the judgment within the meaning of said statutes and started the running of said ten year period, Grant's judgment was not enforceable when execution was issued on January 30, 1947.

■ The effect of the overruling of Grant's motion for rehearing of his application for writ of error and certification and return of the Supreme Court's orders and the case to the Court of Civil Appeals was to leave in effect the judgment of the District Court, affirmed by the Court of Civil Appeals. Article 1750. Texas Rules of Civil Procedure, rule 502 provides that upon receipt of the mandate of the Supreme Court, the Court of Civil Appeals shall proceed to issue execution. On November 3, 1936, more than ten years before the writ of execution was issued, Grant could have forthwith, by paying the costs adjudged against him, procured issuance of a mandate and execution. R.C.P. 507; Davy Burnt Clay Ballast Co. v. St. Louis S. W. Ry. Co., Tex.Civ.App., 32 S.W.2d 209, Id., 119 Tex. 455, 32 S.W.2d 822 (Writ Ref.); Huntress v. State, Tex.Civ.App., 95 S.W.2d 974; R.C.P. 443; R.C.P. 436 and Morris v. McGough, Tex.Civ.App., 290 S. W. 209, 210. Regardless of whether the statutory ten year period began to run against Grant's judgment when the Supreme Court overruled Grant's motion for rehearing or when it could have procured a mandate from the Court of Civil Appeals and an execution from the District Court, all those events occurred more than ten years prior to January 30, 1947, when the execution was issued.

Article 3773 and Article 5532 provide for action within ten years after "rendition" and "date" of a judgment. Neither provides for action within ten years after the mandate is actually filed in the trial court. In Long v. Martin, Tex.Civ.App., 260 S.W. 327 (Dis. W.O.J.), it was correctly held that a party could not delay taking out a mandate after he could have obtained it by ordinary diligence and thus prevent the judgment from coming within said statutes barring its enforcement. In Continental Gin Co. v. Thorndale Mercantile Co., Tex. Com.App., 254 S.W. 939, it was held that the time within which a party was required to act began to run when the judgment became final and was not delayed pending issuance and filing of the mandate. It was there also held that in all events the judgment became final when the time for filing a motion for rehearing of his application for a writ of error expired.

In Rittenberry v. Capitol Hotel Co., Tex. Civ.App., 69 S.W.2d 491 (Writ Ref.), the court construed Article 1867, which is now R.C.P. 445. Said rule provides that when a case has been remanded, if no mandate is filed in the trial court within one year after the motion for rehearing is overruled or final judgment is rendered, that, upon the filing of a certificate to that effect, the case shall be dismissed. The court held that the judgment became final when the Supreme Court overruled the motion for rehearing of the application for a writ of error. But, it also held that when the clerk improperly withheld the mandate for thirty days while appellant diligently sought its issuance, such delay not being caused by lack of diligence of appellant, the thirty days was not to be counted in determining whether appellant procured a mandate within a year after rendition of final judgment. (This decision can give appellant no comfort. There was nothing to prevent it from promptly procuring the mandate and execution after its motion for rehearing was overruled on October 28, 1936.) In Fenton v. Farmers' & Merchants' National Bank, 27 Tex.Civ.App. 231, 65 S.W. 199 (Writ Ref.), the bank obtained a judgment for land conditioned upon payment within ninety days. It was held that the ninety days began to run when the petition for writ of error was refused. It does not appear that a motion for rehearing was filed. In Davy Burnt Clay Ballast Co. v. St. Louis S. W. Ry. Co., Tex.Civ.App., 32 S.W.2d 209, 211 (Writ Ref.), it was held that when a cause has been remanded to a Court of Civil Appeals it must issue the mandate when any party applies therefor and pays the costs. It further held that the statutes governing issuance of mandates were mandatory and rendered certain an opportunity for an early trial and prevented either side "from causing an unusual delay by waiting an unreasonable time to secure the mandate * * *." In Wilson v. Associated Indemnity Corporation, 5 Cir., 74 F.2d 896, 899, the judgment of the trial court was reversed and the case remanded. No mandate was issued within twelve months. Under a statute providing that if no mandate is filed in the trial court within one year after final judgment, upon the filing of a certificate to that effect, the case will be dismissed, it was held that, while either party could have taken out the mandate, the failure of the insurer to take out the mandate within twelve months after the judgment became final required dismissal of the case. In Texas Company v. Charles Clark & Co., 112 Tex. 74, 244 S. W. 995, our Supreme Court held that there was no distinction, relative to the question here presented, between a refusal and a dismissal of a petition for writ of error. It also, in effect, held that the time within which a mandate must issue begins to run when the motion for rehearing of a petition for writ of error is overruled. In Dignowity v. Fly, 110 Tex. 613, 210 S.W. 505, 506, our Supreme Court also held that it was the purpose of the statute "to allow 12 months from the rendition of a final judgment for the issuance of the mandate". Applying said decisions to the facts here, it held that the time within which Grant was allowed to procure an execution began to run when its motion for rehearing of its petition for writ of error was overruled. That was October 28, 1936. The first execution was issued on January 30, 1947. The execution was not issued within ten years after rendition of final judgment and, therefore, under the provisions of Article 3773, no execution could issue unless the judgment was revived. The judgment could not be revived because more than ten years had elapsed since the "date of such judgment". Article 5532. See also Parker v. Bailey, Tex.Civ.App., 286 S.W.2d 651, and Arroya Colorado Navigation District, etc., v. Young, Tex.Civ.App., 285 S.W.2d 308 (RNRE).

In Long v. Martin, Tex.Civ.App., 260 S.W. 327, 329 (Dis.W.O.J.), the court said:

"We are of the opinion that a party, by delaying taking out a mandate when he is entitled to it, after the judgment has become final, cannot prevent the case from coming within the express terms of article 3717 * * *. [Now

3773] In the case of Continental Gin Co. v. Thorndale Mercantile Co., Tex. Com.App., 254 S.W. 939, it was held that the issuance of a mandate is not necessary 'to render the judgment final,' and that the 10 days after rendition of final judgment, allowed under the provisions of articles 7106 and 7107, Revised Statutes, for the return of replevied property, began to run from the time the judgment became final in the appellate court, without reference to the date of the issuance of its mandate."

In Huntress v. State, Tex.Civ.App., 95 S.W.2d 974, it was held that when the mandate of the Supreme Court was sent to the Court of Civil Appeals its mandate would issue at any time the costs were paid.

The first writ of execution having issued more than ten years after October 28, 1936, the day the motion for rehearing of the application for writ of error was overruled, and more than ten years after the order of the Supreme Court and the record were returned to and filed in the Court of Civil Appeals, the levy was properly enjoined. Immediately after the order of the Supreme Court was received by the Court of Civil Appeals Grant could have, by paying the costs, caused the Court of Civil Appeals to issue a mandate to the District Court and the District Court to issue an execution. The judgment was barred when execution was issued on January 30, 1947. Execution was not then authorized because it was not issued within ten years after "rendition" of the final judgment. Article 3773. It could not then have been revived because more than ten years had elapsed since the "date of such judgment". Article 5532.

McDonald v. Ayres, Tex.Com.App., 242 S.W. 192, 195, held that a judgment appealed from did not become dormant by failure to have execution issued "within the 12 months from the date of the judgment in the *district* court". (Emphasis ours.) We do not think our decision conflicts with McDonald v. Ayres, but if it does our holding appears to have been approved by the Supreme Court in later decisions. The judgment is affirmed.